# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

JUNE TERM, 1921.

---

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAT-
THIAS ANDRES, PLAINTIFF IN ERROR.

Submitted July 11, 1921—Decided November 14, 1921.

1. The Court of Errors and Appeals cannot reverse a judgment of
   the Supreme Court which is not alleged to be erroneous.
2. A. was convicted of crime in the Essex Quarter Sessions and
   sued out a writ of error from the Supreme Court into which
   tribunal he caused to be returned the entire record of the pro-
   ceedings had upon his trial, under section 136 of the Criminal
   Procedure act, and in the Supreme Court filed executions and also
   specification of causes for reversal under section 137. The Su-
   preme Court affirmed, and A. then brought the judgment of the
   Supreme Court into the Court of Errors and Appeals for review,
   not filing any assignment of error alleging the Supreme Court's
   judgment to be erroneous, but re-assigning in the Court of Errors
   and Appeals the alleged errors of the trial court which resided in
   the record brought up from the Supreme Court. *Held*, that as
   plaintiff in error in the Court of Errors and Appeals filed no
   exception attacking as erroneous the judgment of the Supreme
   Court which he sought to review, there was nothing before the
   Court of Errors and Appeals to pass upon, its power to review
   and adjudge not being invoked, and, therefore, the present writ
   of error must be dismissed.

437

On appeal from the Supreme Court.

For the plaintiff in error, *Charles E. S. Thorn.*

For the defendant in error, *J. Henry Harrison,* prosecutor, and *Wilbur A. Mott,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff in error was indicted, tried and convicted of the crime of carrying concealed weapons. He sued out a writ of error from the Supreme Court to the Essex Quarter Sessions, and filed in the Supreme Court certain exceptions and causes for reversal. The Supreme Court affirmed the judgment, and plaintiff in error then removed the Supreme Court's judgment into this court for review. Here the defendant has filed no exception challenging the judgment of the court below—that of the Supreme Court—but only that of the trial court. He here argues the exceptions and causes filed in the Supreme Court to the rulings, &c., of the trial court, the Essex Quarter Sessions.

Counsel for the state, while arguing the whole case here, object *in limine* that there is nothing in this court to pass upon and they move to dismiss the present writ of error under the authority of *State* v. *Belkota,* 95 *N. J. L.* 416. There is a still later case (*Diamond Mills Paper Co.* v. *Leonard Hygiene Ice Co., Id.* 540) in which we held that where no ground of appeal in a record in this court raises any question of alleged error in the court below, the appeal will be dismissed.

In *State* v. *Fisher,* 95 *N. J. L.* 419, the plaintiff in error, convicted of crime, sued out a writ of error from the Supreme Court to the Quarter Sessions, and returned the entire record of the proceedings had upon his trial into the appellate tribunal, where the judgment was affirmed, and then brought error into this court, where he assigned for error that the Supreme Court gave judgment affirming the conviction of the plaintiff in error and of the judgment thereon, when it should

have reversed the judgment of the Quarter Sessions and set aside the conviction in that court; and we held that assignment of error to be the only proper one in this court under which reliance could be had upon the assignments of error and causes for reversal filed in the Supreme Court upon the record brought there from the Quarter Sessions.

In State *v.* Fisher counsel for the state contended that specific error and causes for reversal (meaning those alleged to exist in the trial record) are required to be filed in this court under section 137 of the Criminal Procedure act, in all cases where the plaintiff in error elects to take up the entire record, under section 136, to the Supreme Court, and afterward comes here from the Supreme Court; but we distinctly held that this is not so, and that in such a case there is only one proper error to be assigned in this court, and that is, that the Supreme Court erred in the judgment it gave.

Now, how is it this case comes here under section 136 of the Criminal Procedure act? It is because the judge of the Essex Quarter Sessions, in making return to the Supreme Court of the writ of error issued from it to the Quarter Session, certified to the Supreme Court "the indictment, judgment, record and proceedings, with all things touching and concerning the same, *together with the entire record of the proceedings had at the trial.*" When the Supreme Court came to make its return to the writ of error directed from this court to it requiring the return of the proceedings before it in this cause, the certificate very properly was the usual and ordinary one certifying to this court "the record and proceedings whereof mention is within made, with all things touching and concerning the same." That brought into this court the entire record of the proceedings had upon the trial, because they resided in the record that was returned into, and reviewed by, the Supreme Court under section 136 of the Criminal Procedure act (*Comp. Stat., p.* 1863), which provides that when such entire record shall be returned by the plaintiff in error, &c., it shall be considered and adjudged by *the* appellate court, &c.

In *Kohl* v. *State,* 59 *N. J. L.* 195, it was held that writs of error in all criminal cases not punishable with death are writs of right and issue, of course, out of the Supreme Court; and in criminal cases punishable with death writs of error are con- sidered as writs of grace and issue out of the Supreme Court only upon order of the Chancellor, but if he refuses to order the writ of grace out of the Supreme Court the writ of error then issues out of this court as a writ of right. The case be- fore us being one for a crime not punishable with death, the writ of error issued out of the Supreme Court as of course, and the Supreme Court was *the* appellate court, which, under the terms of section 136 of the Criminal Procedure act, was required to consider and adjudge the entire record. This it did. The defendant in the Sessions, plaintiff in error in the Supreme Court, might have been satisfied with the judgment of the latter tribunal, as many similarly situated defendants are. If he had not come into this court then certainly the Supreme Court would have answered the description of *the* appellate court. And appeal to this court on error certainly does not change that character. When a capital case comes here directly from the Oyer this court is *the* appellate court comprehended in section 136; and when it reviews a judg- ment of the Supreme Court in a case taken there under that section, it considers and adjudges the record brought up from the Supreme Court, which includes the entire record of the proceedings had upon the trial of the defendant, and thus be- comes *another* court in which the entire record of the proceed- ings had in the trial court is reviewed, but only in case this court's jurisdiction is invoked.

By virtue of the statute (present section 4, *Comp. Stat., p.* 2208), anyone damnified or aggrieved by any judgment of the Supreme Court may sue forth a writ of error to that court to be brought before the Court of Errors and Appeals. This provision is for a second review, one in the court of last re- sort; and its purpose is to permit a reversal of the judgment of the Supreme Court by which the appealing party is damni- fied. If, after suing out such a writ of error and returning

the record which is in the Supreme Court into this court, the plaintiff in error does not challenge the judgment of the Supreme Court, and does not, by a proper assignment, allege it to be erroneous, he is certainly not in a position to obtain a reversal of that judgment, which he must do in order to relieve himself of the consequences of his conviction.

As seen above, the writ of error in a criminal case not punishable with death does not lie from the Quarter Sessions into this court, but only into the Supreme Court. If, as attempted here, the defendant (plaintiff in error) could bring his case from the Supreme Court into this court on error without alleging any error committed in the Supreme Court, but only assigning errors committed in a trial court, and not asking us to review the judgment of the Supreme Court at all, it would be the equivalent of taking a writ of error directly from the trial court over the head of the Supreme Court into this court; and it would be asking us to reverse the Supreme Court, not because it made any error, but because the court below did so. The plaintiff in error cannot thus accomplish by indirection what he could not do directly. The law affords him an ample remedy for review in this court of last resort. It has been decided over and over again (*State* v. *Verona,* 93 *N. J. L.* 389; *Thompson* v. *East Orange,* 94 *Id.* 106; *State* v. *Metzler, Id.* 418; *State* v. *Belkota, supra; Diamond Mills Paper Co.* v. *Leonard Hygiene Ice Co., supra; State* v. *Fisher,* 95 *Id.* 607) that a proper assignment of error must be filed in this court to challenge the judgment of the Supreme Court when brought here on error. Without it, there is nothing for this court to pass upon. And that is the situation before us.

For the reasons above stated the writ of error from this court to the Supreme Court must be dismissed.