### KEEGAN v. STATE OF NEW JERSEY et al.
#### Civil Action No. 1372.

District Court, D. New Jersey.
April 23, 1941.

William V. Azzoli, of Newark, N. J., for plaintiff.

Charles T. Downing, of Newton, N. J., for defendants.

Before BIGGS and CLARK, Circuit Judges, and FAKE, District Judge.

BIGGS, Circuit Judge.

The plaintiff has filed a bill of complaint seeking to enjoin the defendants from proceeding with the prosecution of an indictment against the plaintiff and for an adjudication that the statute of New Jersey under which he has been indicted, viz., R.S. 1937, 2:157B–5, N.J.S.A. 2:157B–5, is unconstitutional, void and unenforceable as to him. The statute referred to is as follows: "Any person who shall, in the presence of two or more persons, in any language, make or utter any speech, statement or declaration, which in any way incites, counsels, promotes, or advocates hatred, abuse, violence or hostility against any group or groups of persons residing or being in this state by reason of race, color, religion or manner of worship, shall be guilty of a misdemeanor." R.S.1937, 2:157B–8, N.J.S.A. 2:157B–8, prescribes as a penalty a fine of not more than five thousand dollars nor less than two hundred dollars or imprisonment for a period not exceeding three years nor less than ninety days, or both.

The plaintiff recites in the bill of complaint that he is and was an attorney at law and solicitor in chancery of the State of New Jersey and was and is engaged in practicing his profession in the town of West New York and derives a substantial income from his professional employment. He goes on to allege that by virtue of his profession and in the course of it he gives opinions and advises on many matters and occasionally addresses assemblages, business meetings and other gatherings where many topics are discussed and many points of view are heard and disseminated. The bill of complaint also alleges that upon the 9th day of June, 1940, the plaintiff addressed an assembly of persons " * * * constituting his clientele, in their own private proper home, grounds and curtilege, known as Camp Nordland, situated in the township of Andover, County of Sussex and State of New Jersey * * *". A copy of the speech which the plaintiff alleges he made on this occasion is attached to the bill of complaint. The plaintiff goes on to state that by reason of his speech the Prosecutor of the Pleas of Sussex County

caused him to be indicted under the statute which we have heretofore quoted, that the indictment was returned to the Sussex County Quarter Sessions Court and that the plaintiff was compelled to plead to the indictment, pleading not guilty. From an affidavit of the Prosecutor of the Pleas it appears that the plaintiff waived his right to a trial by jury and requested to be tried by the Sussex County Court of Special Sessions without a jury. The plaintiff has attached a copy of the indictment to his bill of complaint. That indictment contains what purports to be language employed by the plaintiff during the course of his speech at Camp Nordland. This issue is one of fact.

 The plaintiff's application is addressed to the equitable jurisdiction of this court pursuant to the provisions of Section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380. He contends first that his right to practice law is a property right and as such should be protected by injunction from damage which he alleges would be irreparable, citing Unger v. Landlords' Management Corporation, 114 N.J.Eq. 68, 168 A. 229, and Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646. The first case cited holds that the right to practice law in New Jersey is a property right, but the decision of the Supreme Court in Bradley v. Fisher is not apposite to the case at bar. In Bradley v. Fisher, an attorney, disbarred for rude and insulting conduct toward the judge of a court before whom he had practiced, brought a suit for damages naming the judge as the defendant. The Supreme Court, stating that the Criminal Court of the District of Columbia had erred in not citing the plaintiff before making an order striking his name from the rolls of its attorneys, held that the act of the court in disbarring the plaintiff was a judicial act and did not render the judge of that court liable for damages. Indeed, none of the authorities cited by the plaintiff can be deemed to be pertinent to this phase of the case at bar for it is contended by the plaintiff that in making the speech for which he was indicted, he was engaging in the practice of the law. In view of what the indictment alleges the plaintiff said and the circumstances under which he is alleged to have said it, this contention seems to us so naive as to require no serious consideration. Assuming as we must that the allegations of the indictment are true, it is obvious that the plaintiff was not advising clients. On the contrary he was making a speech to his fellow-members of the German-American Bund Auxiliary, Inc. The plaintiff was not indicted because he gave legal advice. If this was the case, the principle enunciated by the Supreme Court in Truax v. Raich, 239 U.S. 33, 37, 38, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann. Cas.1917B, 283, might apply. While the plaintiff alleges that the statute violates the Fourteenth Amendment in that it prohibits him from carrying on his profession as an attorney at law and solicitor in chancery of New Jersey, the relief that he seeks is the enjoining of officers of the State of New Jersey from proceeding with his criminal trial which grows out of acts done by him not as an attorney at law but as an individual. Assuming therefore that the statute is unconstitutional, the plaintiff is not entitled to relief upon this ground.

 The protection of personal rights secured by the Constitution is as important as the protection of property rights secured by it. Section 265 of the Judicial Code, 28 U.S.C.A. § 379, is not a jurisdictional statute, but one that merely goes to the equity presented by the bill. Jamerson v. Alliance Ins. Co. of Philadelphia, 7 Cir., 87 F.2d 253, affirming Alliance Ins. Co. of Philadelphia v. Jamerson, D.C., 12 F.Supp. 957, certiorari denied 300 U.S. 683, 57 S.Ct. 753, 81 L.Ed. 886. A federal court therefore may exercise its jurisdiction to prevent the trial of a defendant by a state court where such a trial would invade constitutional rights. Such jurisdiction may be exercised by way of injunction or in habeas corpus proceedings. See Truax v. Raich, supra, and United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 18, 46 S.Ct. 1, 3, 70 L.Ed. 138, including the authorities there set out. In the cited case, Mr. Justice Sutherland delivering the opinion of the Supreme Court stated: "The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist." See also United States ex rel. Murphy v. Murphy, Warden, 2 Cir., 108 F.2d 861, 862. In the case at bar the plaintiff has urged no exceptional circumstances of peculiar urgency. See In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55; In re Loney, 134 U.S. 372, 10 S.Ct. 584, 33 L.Ed. 949; and Wildenhus' Case, 120 U.S. 1, 7 S.Ct. 385, 30 L.Ed. 565. The courts of a state of the United States are as much charged with obedience to the Constitution as the courts of the United States. If the statute sub judice is uncon-

stitutional (and as to this we express no opinion), the plaintiff may raise this question in the Sussex County Special Sessions Court (wherein he has requested trial) and may raise it in the Supreme Court of New Jersey, in the Court of Errors and Appeals of New Jersey[1] and, if writ of certiorari be granted, in the Supreme Court of the United States. In view of these circumstances, no facts are alleged which convince us that we should retain jurisdiction of this cause in order to grant the extraordinary relief provided by Section 266 of the Judicial Code as amended.

Accordingly the motion to dismiss the bill of complaint is granted.

A decree will be entered in accordance with this opinion.

---

[1] See Revised Statutes of New Jersey, 1937, 2:195–1 et seq. and 2:195–6, N. J.S.A. 2:195–1 et seq., and 2:195–6.

See also State v. Andres, 96 N.J.L. 437, 115 A. 441, and State v. Hendrick, 91 N.J.L. 336, 103 A. 179, 106 A. 894.