PATTISON AND BOWNS, INC., PROSECUTOR, v. TOWNSHIP OF SADDLE RIVER, A MUNICIPAL CORPORATION, AND JOSEPH M. TAGGART, COLLECTOR OF TAXES OF THE TOWNSHIP OF SADDLE RIVER, DEFENDANTS.

Submitted May 5, 1942—Decided September 30, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Hobart, Minard & Cooper* (*Duane E. Minard,* of counsel).

For the defendants, *Chandless, Weller & Kramer* (*Ralph W. Chandless,* of counsel).

The opinion of the court was delivered by

COLIE, J. This writ of *certiorari* brings up for review a distress and notice of sale of certain properties stored on premises of Independent Warehouses, Inc., in the Township of Saddle River, to satisfy unpaid personal property taxes assessed against Pennsylvania Coal Co.

Prosecutor filed nine reasons why it believes the proceedings of the Township by its collector of taxes were erroneous. We need consider but one of them. Reason Seven reads: "The coal alleged in said notice to have been assessed and taxed was, at the time of the assessment, stored in the warehouse of the Independent Warehouses, Inc., which is a corporation engaged in the business of storing goods for hire, and, therefore, exempt from taxation under section 54:4-3.20 of the Revised Statutes of 1937."

The factual situation discloses that Pattison & Bowns, Inc., together with a number of other coal companies, stored coal

with Independent Warehouses, Inc., which was engaged in the business of storing goods for hire. In furtherance of the business, it leased from Pennsylvania Coal Company, a tract of 56 acres, upon which there were tracks, derricks and other paraphernalia necessssary to unload and load large stocks of anthracite coal. The coal is stored in piles fifty to seventy feet high, each pile surrounded by a wooden fence six to eight feet high. Necessarily, the storage area is not roofed over. Defendants argue that to come within the exemption statute *R. S.* 54:4-3.20 it is necessary to show that the coal was stored in a warehouse of one engaged in the business of storing goods for hire. In *Halligan & McLellan, Inc.*, v. *State Board of Tax Appeals,* 122 *N. J. L.* 551, this court held that lumber stored in sheds maintained as an incident of a warehouse falls within the exempt class. By their nature, certain classes of personal property lend themselves to outdoor storage; others require for their preservation that they be protected from the elements. We incline to the view that coal stored in fenced-in piles on an otherwise open tract of land equipped with sidings, derricks and trimmers to handle the coal tonnage is within the exemption statute and that the legislative criteria are met by the situation here existing. As was said in *Love* v. *Export Storage Co.,* 143 *Fed. Rep.* 1, speaking of lumber stored on an open lot: "One of the grounds upon which the position stated is urged is that the lumber in question was not warehoused by those proceedings. Of course an actual warehouse is not essential to the warehousing of goods. They may be warehoused upon a parcel of ground enclosed or open, or partly so. * * * The only thing essential to the warehousing of goods is that their possession be changed from that of their owner to that of the warehouseman."

Defendants next urge that "no charge is made for storage" and therefore Independent Warehouses, Inc., is not "engaged in the business of storing goods for hire." In this argument, defendants fall into error. The storage charges are included in the tariff rates charged by the Erie Railroad, whose trackage feeds the yard in question. It clearly appears

that the fourteen cent charge per ton for unloading at the yard and a like charge for loading is in fact the charge of the warehouse company, although it is collected by and included in the tariff rates of Erie Railroad.

The constitutionality of *R. S.* 54:4-3.20 is not here discussed; it having been held to be free of constitutional infirmity in *Schwartz* v. *Essex County Board of Tax Appeals,* 129 *N. J. L.* 129, decided this day.

For the reasons stated, we conclude that the coal sought to be taxed was exempt and therefore the notice of distress and sale under review are set aside, with costs to the prosecutor.