**INDEPENDENT WAREHOUSES, Inc., et al. v. SADDLE RIVER TP., BERGEN COUNTY, N. J.**

Civil Action No. 2861.

District Court, D. New Jersey.

Oct. 11, 1943.

Robert J. Bain, of Jersey City, N. J., for plaintiff Independent Warehouses, Inc.

Hobart, Minard & Cooper, of Newark, N. J., for intervening plaintiffs, Pennsylvania Coal Co. and Erie R. Co.

Chandless, Weller & Kramer, of Hackensack, N. J., for defendant, Saddle River Tp., Bergen County.

MEANEY, District Judge.

The intervening plaintiff, the Pennsylvania Coal Company, is the owner of 67.25 acres of land in the Township of Saddle River, Bergen County, New Jersey, which it leased to the plaintiff, Independent Warehouses, Inc. The latter Company uses the property in question for the storage of coal mined without the State of New Jersey and intended for ultimate delivery within and without the State lines. The coal was transported to and from the place of storage under joint railroad tariffs filed with the Interstate Commerce Commission, which included storage as provided at the site in question.

Originally the Township of Saddle River, within the confines of which the storage site was situated, had taxed the coal stored there as personal property under the tax laws of New Jersey. In 1925 by virtue of an act of the Legislature of New Jersey, Chapter 221, Laws of 1925, R.S. 54:4-3.20, N.J.S.A., personal property stored in a warehouse of one engaged in the business of storage for hire was made exempt from such tax. This Act was held constitutional by the New Jersey Court of Errors and Appeals, 130 N.J.L. 177, 32 A.2d 363, in a per curiam opinion

affirming the opinion of Justice Colie in the New Jersey Supreme Court in the case of Pattison & Bowns, Inc., v. Township of Saddle River et al., 129 N.J.L. 135, 28 A. 2d 485. Thereafter, in an attempt to secure revenue lost by virtue of its inability to impose such a personal tax, the Township by ordinance imposed an annual license fee on all persons conducting the business of storage for hire in a warehouse, such fee to be computed on the basis of a certain rate per square foot, a device which would return to the Township in the particular situation under consideration an amount approximately equal to the personal tax assessed before the test of the above mentioned act of the Legislature.

The plaintiffs made no application for a license under the ordinance and on April 15, 1943, a summons was served on Independent Warehouses, Inc., and on one of its employees for appearance in the Recorder's Court on complaint of violation of the ordinance. A temporary restraining order was issued out of this Court, and the present motion is for a preliminary injunction pending final judgment, to enjoin the defendants from enforcing the ordinance hereinbefore mentioned. The grounds upon which this application is made are that (1) the attempted enforcement of the ordinance is premature; (2) the penalties are excessive and are violative of the 14th Amendment to the Constitution of the United States; (3) the license fee is excessive, arbitrary and in violation of the 14th Amendment; and (4) the ordinance imposes restrictions, regulations and burdens on Interstate Commerce in violation of the Commerce Clause of the Constitution of the United States; (5) enforcement of the ordinance will result in irreparable damage to the plaintiffs.

The jurisdiction of the United States District Court is conferred by Congress and its limitations are defined by Acts of that body. Hence in the absence of compelling reasons within the scope of the provision itself, the prohibition contained in 28 U.S.C.A. § 41, subdivision (1), would seem dispositive of the motion now under consideration. That subdivision of section 41 of Title 28 U.S.C.A. reads as follows: "No district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

In the case of Keegan v. State of New Jersey, D.C., 42 F.Supp. 922, 924, the court cited the following language used by Mr. Justice Sutherland in the case of United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138: "The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist.", and proceeded itself to say: "In the case at bar, the plaintiff has urged no exceptional circumstances of peculiar urgency. * * * The courts of a state of the United States are as much charged with obedience to the Constitution as the courts of the United States. If the statute sub judice is unconstitutional (and as to this we express no opinion), the plaintiff may raise this question in the Sussex County Special Sessions Court (wherein he has requested trial) and may raise it in the Supreme Court of New Jersey, in the Court of Errors and Appeals of New Jersey and, if writ of certiorari be granted, in the Supreme Court of the United States."

Even before the enactment of the Section of the Code above cited, the Supreme Court had effectively established the same rule as would seem to be evidenced by the case of Boise Artesian Hot & Cold Water Company v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796.

In the course of the memoranda of the plaintiffs, many references were made to decisions of the Courts of New Jersey, passing on the questions raised herein, particularly with regard to the nature of the license fee, its arbitrariness and its excessive and anticipatory nature. This would seem to indicate that the plaintiffs themselves realize that the issues upon which they seek issuance of an injunction in this court are determinable in the courts of the State of New Jersey.

This Court is of the opinion that nothing has been adduced to warrant it in believing that irreparable damage will ensue from enforcement of the ordinance.

The motion for a preliminary injunction will therefore be denied.