**SOUTH FLORIDA SECURITIES, Inc., v. SEWARD et al.**

No. 9054.

Circuit Court of Appeals, Fifth Circuit.

May 12, 1939.

Donald C. McMullen and Neil C. McMullen, both of Tampa, Fla., for appellant.

Hilton S. Hampton and Jno. W. Bull, both of Tampa, Fla., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is the third appeal in this case. The first case, Seward v. Fagan, Receiver, 5 Cir., 75 F.2d 361, was a suit in equity and was abandoned after reversal. Thereupon an action at law was brought by the Receiver of the First National Bank of Arcadia against the Sewards, representatives of the estate of W. H. Seward, deceased. The claim was assigned and the action proceeded in the name of South Florida Securities, Inc., assignee of the Receiver of the bank. It was before this court on appeal in Seward v. South Florida Securities, 5 Cir., 96 F.2d 964, 967.

In that action the court below had sustained demurrers to the defendants' tenth, thirteenth, and fourteenth amended pleas. The pleas set up fraud on the part of Bennett who had purchased a certain stock of goods from W. H. Seward, the deceased. The pleas were presented as pleas at law "and for defense on equitable grounds". In form they followed the Florida statute which permits equitable defenses in a law suit, Comp.Gen.Laws 1927, Sec. 4301. The federal statute, 28 U.S.C.A. 398, also permits such defenses. On the former appeal the pleas were held good and the law of the case fully settled.

In sustaining the pleas this court held that if, as pleaded, the intestate did not bind himself to repurchase the stock of goods "his administrators were not only not bound but were without any authority to do so". It was further held that the contract though under seal would not act as an estoppel "for a seal will not sanctify a fraud". The judgment was reversed and the cause remanded for further proceedings.

After the mandate went down only the first count of the declaration and defendants' three amended pleas remained. On the further proceeding the plaintiff made no denial of the pleas. Under the new Rules of Civil Procedure, rule 8(d), 28 U.S.C.A. following section 723c, the averments of the pleas, not having been denied, stood as admitted. Furthermore, the plaintiff expressly admitted the allegations of the pleas in open court. It sought, however, by way of its fourth replication to set up an estoppel by alleging that the bank had relied on the contract made by the administrators and had refrained from exercising its rights against Bennett and the stock of goods, the subject of the contract.

This replication was held good by the trial court and the case went to trial without a jury. After a hearing the court found that the plaintiff had failed to establish the material allegations of the replication.

There is serious doubt whether the plaintiff could recover after admitting the truthfulness of the three pleas of the defendants. Moreover, the replication which was held good by the trial court may be questioned. The court, however, found that the plaintiff failed to carry the burden of proof as to the replication and entered judgment for the defendants. We are of opinion that the ruling of the trial court was correct.

The judgment is affirmed.