**NORTHWESTERN MUT. LIFE INS. CO. v. ERRETT et al.**

**No. 749.**

District Court, E. D. New York.

Jan. 19, 1940.

Plaut & Schweitzer, of New York City (M. Peter Schweitzer, Roy Plaut, and Arthur D. Schlechter, all of New York City, of counsel), for plaintiff.

John Bogart, of New York City (Jacob Rosenthal, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

These are two motions, one ·by the defendants to dismiss the complaint, the other by the plaintiff for a preliminary injunction against the defendant Anne Errett to restrain her from prosecuting an action in the City Court of the City of New York in which Anne Errett, the defendant herein, is plaintiff, and the Northwestern Mutual Life Insurance Company, the plaintiff herein, is defendant.

The action herein is for a declaratory judgment in which plaintiff requests that there be fixed and determined its liability under three policies of insurance issued by it on the life of one Harold T. Errett, now deceased. The defendants Anne Errett, Hal T. Errett and Linda A. Errett are wife, son and daughter, respectively, of Harold T. Errett, and sole beneficiaries under the three policies of life insurance. The facts do not seem to be in dispute.

On June 15, 1937, the plaintiff issued to Harold T. Errett a policy of insurance in the sum of $5,000, payable to Anne Errett. Two additional policies were issued to Harold T. Errett on October 12, 1937, each in the face amount of $5,000, payable to Anne Errett.

Pursuant to the provisions of the policies, on December 11, 1937, Harold T. Errett designated as contingent beneficiaries under the three policies, his son, Hal T. Errett, his daughter, Linda A. Errett, and any other child born of his marriage to the defendant, Anne Errett, and elected that the settlement of the proceeds of the policies be made with Anne Errett in accordance with the provisions in the policies, with the privilege granted to Anne Errett of withdrawing an amount not to exceed $1,500 of the principal sum of the policies in any one year until the proceeds of the policies are exhausted, and the further provision that in the event of Anne Errett's death, settlement of the proceeds of the policies be made with the contingent beneficiaries, Hal T. Errett and Linda A. Errett and any other child born of the marriage, with the privilege to each of the contingent beneficiaries to withdraw an amount not to exceed $900 of his or her share in any one year until such share should be exhausted. The only children born' of the marriage of Harold T. Errett and Anne Errett are the two defendants, Hal T. Errett and Linda A. Errett.

The policies contain the not unusual provision, that should the insured die by his own hand within two years from the date of the policy, that the liability of plaintiff would be limited to the amount of reserve on said policies.

It is plaintiff's contention that, due to the failure of Harold T. Errett to pay the semi-annual premium on one of the policies, it lapsed for non-payment of premium.

The plaintiff further claims that Harold T. Errett committed suicide on October 24, 1938, and that therefore the liability of the plaintiff is limited to the amount of reserve, totalling the sum of $8.80.

The defendants contend that Harold T. Errett did not commit suicide and that therefore the policy is in full force and effect.

Anne Errett instituted the action referred to in the City Court of the City of New York, in which she seeks to recover the amount which would have been payable to her under the terms of the policies, claiming that one of said policies did not lapse for non-payment of premium.

There cannot be a complete determination of the issues in the City Court as Hal T. Errett and Linda A. Errett cannot be joined as parties to that suit.

All of the necessary elements are present in this case for a declaratory judgment. All of the interested parties are before the court, there is diversity of citizenship, and the subject matter of the action is in the sum of $15,000. The plaintiff has set up, as is required by law, a reserve in the sum of

$14,991.20. This court therefore has jurisdiction. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. The complaint sets forth a sufficient cause of action for a declaratory judgment.

The motion to dismiss the complaint is denied.

The motion for a preliminary injunction is granted. Plaintiff will be required to give a bond, unless the same is waived, as a condition for granting the preliminary injunction.

Settle orders on notice.