PACIFIC FIRE INS. CO. et al. v. C. C. ANDERSON CO. OF NAMPA.

No. 2141.

District Court, D. Idaho, S. D.

Jan. 2, 1942.

Willis C. Moffatt and Maurice H. Greene, both of Boise, Idaho, for plaintiffs.

Dunlap & Dunlap, of Caldwell, Idaho, and J. F. Martin, of Boise, Idaho, for defendant.

CAVANAH, District Judge.

The plaintiffs being certain fire insurance companies seek an injunction against the defendant from bringing or prosecuting any suit against them under the policies of insurance issued, and to determine and decree their respective rights, obligations and legal relations of the plaintiffs and defendant under the policies, and in particular, in prosecuting a certain action now pending in the State District Court in the Seventh Judicial District, in Canyon County, Idaho, wherein the defendant is plaintiff, and the Springfield Fire and Marine Insurance Company is defendant, in accordance with the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. A. § 400.

The policies written by the plaintiffs are identical in form, except as to the amount of each policy, the name of the insurer and the term of the policy. The form of the policies were written in conformity with Section 40-1401, I C A, and insured merchandise of the defendant against direct loss by fire and contained a pro rata liability clause: "This Company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this Company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto. Liability for re-insurance shall be as specifically agreed hereon."

About April 1, 1941, defendant notified plaintiffs that it had suffered a loss under the terms of the policies and made claim against them. The total amount of loss claimed was $15,732.55, and sets forth the claimed pro rata liability of each fire insurance company. In July, 1941, defendant instituted an action in the State District Court in Canyon County, Idaho, against one of the plaintiffs, Springfield Fire and Marine Insurance Company, to recover from it the sum of $918.02 claimed to be due on the policy written by it. It is alleged that at the time of the alleged fire the policy of the Springfield Company was of the face value of $5,000 and that the total amount of insurance in force and effect at the time of the fire was $85,687.77. In that case where the Springfield Company is the only defendant, there has to be determined by the State Court the total amount of the insurance that the defendant had in force and effect at the time of the fire,

which involves proof of the policies of insurance of the other insurance companies, who are not parties to that action, whether the fire was a risk insured against by the Springfield Company, the same risk insured against by the policies of the other insurance companies who do not appear to be parties to that action; the determination of the total amount of loss suffered by the defendant which involves the determination of the loss chargeable against all of the insurance companies; the determination of the pro rata share of the Springfield Company which will have to be determined from the total amount of loss. Each policy provides that it covers liability only in the amount insured shall bear to the whole insurance.

The plaintiffs assert that it appears from the complaint and the supporting affidavit here that the cause of action upon which the complaint is based in the State District Court arises from the same facts as alleged here, and that the controversy and issues involved in the action in the State Court are identical with those involved in the present case, and should be tried and ascertained in a single action. Under the showing here there is to be determined: Was the alleged fire, which defendant claims was the cause of damage to its stock of merchandise, a "hostile fire" insured against, or was it a "friendly fire," and if it was a "hostile fire" and covered by the policies, then the Court must determine the amount of liability in accordance with the pro rata liability clause in each policy.

The grounds of relief here are diversity of citizenship of the plaintiffs and the defendant, and the actual amount in controversy is $15,732.55 being the total amount of damages claimed by the defendant, and that an actual controversy exists between plaintiffs and defendant as to the liability of the plaintiffs under the terms of their several policies and the pro rata liability of the companies can only be adjudicated in a single action to which all are parties, and to proceed otherwise would require the insurance companies to defend in seven separate cases involving identical issues and facts.

The State District Court declined to allow the motion of the plaintiff Springfield Company to have the other insurance companies made parties to the State Court proceeding, and to abate the action there until the present case is disposed of.

## Purpose of Declaratory Judgment Act.

■ It is now held that the purpose of the Federal Declaratory Judgment Act is to provide a remedy to one of a right, who otherwise could not have his status adjudicated until his adversary took the initiative, and to avoid multiplicity of suits and bring about a speedy determination of the controversy. Employers' Liability Assurance Corp. v. Ryan, 6 Cir., 109 F.2d 690; Sunshine Mining Company v. Carver et al., D.C., 41 F.Supp. 60; Derman v. Gersten, D.C., 22 F.Supp. 877.

■ The present action being brought by seven insurance companies to have their liabilities under identical policies issued to the defendant adjudicated and determined. It is now settled by the Federal Courts that they may resort to the Declaratory Judgment Act to have their rights as insurers adjudicated. Associated Indemnity Corporation v. Manning et al., 9 Cir., 92 F.2d 168; Ætna Life Insurance Co. v. Haworth et al., 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Central Surety & Insurance Corporation v. Caswell et al., 5 Cir., 91 F.2d 607; Maryland Casualty Co. v. Texas Co. et al., 8 Cir., 114 F.2d 952; Maryland Casualty Co. v. Tighe et al., D.C., 24 F.Supp. 49; Maryland Casualty Co. v. Tighe et al., D.C., 29 F.Supp. 69.

### Jurisdiction.

The defendant urges that this Court has not, under the pleadings and showing, jurisdiction to enjoin the proceeding in a law action pending in a State Court, and relies upon section 379, 28 U.S.C.A. which in general terms states that a writ of injunction shall not be granted by any Court of the United States to stay proceedings in any Court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy.

■ It seems that this statute has been before the Federal Court for interpretation a number of times, and it has there been interpreted that where the elements of Federal and equity jurisdiction are presented it does not prevent a Federal Court from enjoining the institution and maintaining in the State Courts of proceedings, from maintaining and protecting their own jurisdiction when properly acquired. Section 377, 28 U.S.C.A. Wells Fargo & Company v. Taylor, 254 U.S. 175, 41 S.Ct.

920

93, 65 L.Ed. 205; Smith v. Apple, 264 U.S. 274, 275, 44 S.Ct. 311, 68 L.Ed. 678; Doyne et al. v. Saettele et al., 8 Cir., 112 F.2d 155.

■ Referring to Section 377 of 28 U.S.C.A., we find that it has also been construed by the Federal Courts, who have held that it is not set aside by Section 379 where it appears necessary for the exercising of the Federal Court's jurisdiction, and the declaratory Judgment Act presents another exception to the operation of Section 379. In the case of Standard Acc. Ins. Co. v. Alexander, Inc., et al., D.C., 23 F.Supp. 807, 809. The Court said: "The national statute, 28 U.S.C.A. § 379, which protects the state court from such interference by the national court, is not set aside by the Declaratory Judgment Act. That Act merely brought into being another exception to the operation of the statute which inhibits the staying of actions in the state court."

■ As the actual total amount involved here is $15,732.55, being the total amount of damages claimed by the defendant, and pro rata provision of the policies that the Springfield Company would only be required under the policy to pro rata in proportion to other insurance carried by the defendant, it follows that the pro rata proportion left to be determined is of the $15,732.55 regardless of what the defendant may say, for all of the other companies are interested in that amount. The purpose of the Declaratory Judgment Act is to meet that kind of a situation and therefore from the nature of the action thus stated it seems clear that the amount in controversy is the amount of $15,732.55 which meets the requirement of the statute as to jurisdictional amount. Langlie et al. v. United Fireman's Insurance Co. et al., D.C., 40 F.Supp. 24. Equitable Life Assur. Soc. of United States v. Wert, 8 Cir., 102 F.2d 10.

It is evident from the record here that the Springfield Company has exhausted all the sources available to have the entire controversy decided in a single action, in which all of the Insurance Companies are interested parties.

Defendant's request was denied by the State Court so the situation here presented is that the ground to avoid a multiplicity of suits is apparent and that is one of the grounds of equitable jurisdiction recognized by the Federal Courts. Di Giovanni

et al. v. Camden Fire Insurance Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47.

There is a common interest of the various insurance companies to justify the assumption of jurisdiction by a Court of Equity. The language of the policies establish a community interest among the insurance companies which gives them a right to aggregate their claims.

The conclusion here reached is that the prayer for injunction is granted, restraining the pending suit and the institution of any other suit relating to the cause here presented.