FIREMEN'S FUND INS. CO. et al. v. CRANDALL HORSE CO. OF BUF-
FALO, N. Y.

No. 1035.

District Court, W. D. New York.

Aug. 8, 1942.

See also, D.C., 47 F.Supp. 82.

Babcock, Hollister, Newbury & Russ, of Buffalo, N. Y. (George A. Newbury and Paul D. Graves, both of Buffalo, N. Y., of counsel), for plaintiffs.

Ulysses S. Thomas, of Buffalo, N. Y., (Ralph W. Dox, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This is an action for a declaratory judgment. The plaintiffs herein, seven insurance companies, together with two other insuring companies, issued fire insurance policies aggregating $17,500, upon buildings owned by the defendant. The defendant thereafter filed with all the insuring companies proof of loss for damages by fire aggregating $7,872.87, and the total amount claimed against the plaintiffs named herein in such proofs of loss was $6,523.23. The plaintiffs above-named have joined in this action seeking, among other things, a judgment declaring the policies of the plaintiffs void and restraining the institution of any action against the plaintiffs for the recovery of the amount of the respective policies of any of the plaintiffs.

The complaint sets forth the amount of the policy issued by each of the plaintiffs. It alleges that it was issued in accordance with "rules, provisions, agreements and conditions of the laws of the State of New York"; that such laws provide that the policy should be void "in case of any fraud or false swearing of the insured touching any matter of this insurance or the subject thereof, whether before or after a loss"; that during the period of such insurance a fire occurred at the premises insured and that such fire was not within the risk specified in the policy of insurance because said fire was of "incendiary origin, said fire being caused or procured directly by the defendant, its agents, servants, or employees, and that said fire was caused for the purpose of collecting money from the plaintiff insurance companies * * *"

and, further, "that the defendant after said fire made false and fraudulent statements under oath of the origin of said fire and concealed and misrepresented the true origin * * *;" that said statements were made with knowledge of their falsity and with intent to induce the plaintiffs to pay their proportionate share of the amount of the insurance.

The defendant moves to dismiss the suit on these grounds: (1) that the court lacks jurisdiction; (2) that certain of the insuring companies, not joined herein, are indispensable parties; (3) that each plaintiff has an adequate remedy at law; (4) that the alleged injuries to the plaintiff were not so real or substantial as to justify the denial of a jury trial to the defendant; and (5) that the complaint fails to state a claim against the defendant upon which relief can be granted.

Each of the policies of insurance issued by the plaintiffs herein was in an amount of $3,000 or less, and no single claim or proof of loss amounts to $3,000. The question as to jurisdiction is whether the aggregate amount of these insurance liabilities or the separate amount of such is determinative. In Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 417, 60 L.Ed. 817, it was said that "when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." That clearly is the rule for determination.

The Standard Fire Insurance Policy form of the State of New York, as fixed by statute and as included in each of the policies of insurance in question here, contains this provision: "Pro rata liability. This Company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether each plaintiff has not and whether collectible or not."

While the complaint does not specifically allege that the policies contained any pro rata provision, it in effect so alleges since it states that all policies were in the form of the "Standard Fire Insurance Policy of the State of New York". It also includes by reference the provisions of such form of policy.

It seems to me that these plaintiffs have a common interest and that the requisite jurisdictional amount is shown. Vide: Jamerson v. Alliance Ins. Co. of Philadel-

phia, 7 Cir., 87 F.2d 253; certiorari denied 300 U.S. 683, 57 S.Ct. 753, 81 L.Ed. 886; American Optometric Ass'n v. Ritholz, 7 Cir., 101 F.2d 883; Phillips Petroleum Co. v. Taylor, 5 Cir., 115 F.2d 726; Pacific Fire Ins. Co. v. C. C. Anderson Co. of Nampa, 42 F.Supp. 917; Sovereign Camp. Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed 293.

Jamerson v. Alliance Ins. Co., supra, is in point. Defendant's counsel urges that the decision there was "obiter" as respects the question of the jurisdictional amount, because one of the policies purported to constitute an individual liability of more than $3,000. The suit, however, was brought to recover $2,999 on each policy. The opinions in both the District Court, 12 F.Supp. 957, and the Circuit Court definitely show that each court held that the aggregate of the policies determined the question of the jurisdictional amount. The Circuit Court, after stating that the motion to dismiss had been directed to the entire bill, said: "But aside from this formal objection to the motion, we are convinced that the court's ruling was correct because the language of the policies established a community of interest among the appellees with respect to the subject matter involved which gave them a right to aggregate their claims or liabilities for jurisdictional purposes." [87 F.2d 255.]

Other cases cited by the defendant are distinguishable in that none of them show an interest in common comparable with that disclosed here. Among those are: Digiovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Pinel v. Pinel, supra.

It is claimed that the insuring companies not made parties to this suit are indispensable parties. If so, the motion to dismiss would have to be granted, because such two insurance companies admittedly are citizens of New York State.

"The principles applicable to the determination of whether a party is merely proper or whether he is one who should be joined because a necessary or indispensable party, are comparatively simple. * * * In spite of the simplicity of the principles, their application to cases in which it is essential to distinguish between necessary and indispensable parties, bears out the statement made by the Supreme Court that 'there is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not.'" Moore's Federal Practice, Vol. 2, § 19.03, page 2145 et seq., Rule 19(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

■ One governing principle is that "'Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree can not be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and in good conscience' are indispensable parties." Moore's, supra, Vol. 2, page 2145, quoting Shields v. Barrow, 17 How. 130, 15 L.Ed. 158. An indispensable party is such a one as has an interest that a "final decree should not be made without their presence." Hazeltine Research Corp. v. Freed-Eisemann Radio Corp., D.C., 4 F.2d 867, 868. See, also, Coca-Cola Co. v. Deacon Brown Bottling Co., D.C., 200 F. 105. The interest of neither of the aforesaid two insuring companies would be affected adversely by the determination of the instant suit, and the absence of these parties would not leave the controversy in such a condition that its "final determination would be wholly inconsistent with equity and in good conscience." Any determination herein is not res adjudicata to said two companies, and their liability, if any, is separable from the amount of the liability of each other insuring company.

■ It is believed that the aforesaid two insuring companies, though proper, are not necessary or indispensable parties. The defendant cites Pacific Fire Ins. Co. v. C. C. Anderson Co. of Nampa, supra. In that suit all the insuring companies were parties plaintiff. The court did state that "the pro rata liability of the companies can only be adjudicated in a single action to which all are parties." [42 F.Supp. 919.] It seems to me that this expression was "obiter." Langlie v. United Fireman's Ins. Co., D.C., 40 F.Supp. 24, 28, presents a state of facts quite dissimilar from those in the instant suit. There all the insuring companies were held to be interested in the construction and application of certain sections of the insurance policy. The court said: "The issue cannot be determined without the presence of all defendants [but it] appears conceded by the defendants, by the joint and several notice of appointment of

a joint appraiser, that the interest in loss is mutual, and joint and inseparable." That is not the situation here.

■ It is urged that each plaintiff has an adequate remedy at law. This objection is unavailing. This is not a suit in equity, and the existence of another remedy does not preclude relief by declaratory judgment. Sunshine Mining Co. v. Carver, D.C., 34 F.Supp. 274; Lehigh Coal & Nav. Co. v. Central R. of New Jersey, D.C., 33 F.Supp. 362; Dunleer Co. v. Minter Homes Corp., D.C., 33 F.Supp. 242; Maryland Casualty Co. v. Tindall, D.C., 30 F.Supp. 949, affirmed 8 Cir., 117 F.2d 905. Further, Rule 57 of the Federal Rules of Civil Procedure says: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

The defendant is not denied trial by jury.

Following the adoption of procedure for declaratory judgments in numerous of the states, section 400, Title 28 U.S.C.A., Judicial Code § 274d, authorizing declaratory judgments, was enacted. Subdivision 3, section 400, supra, provides that where the declaration of a right involves the "determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, * * *." We have not come to the consideration of the rights of the parties here under that subsection, but it may reasonably be assumed that interrogatories directed to the question of the cause of the destruction of the insured buildings, which lies at the formation of the plaintiff's claim, would on motion be submitted to a jury.

■ The complaint states a claim upon which relief can be granted herein, Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Columbian National Life Insurance Co. v. Foulke, 8 Cir., 89 F.2d 261; Maryland Casualty v. Consumers Finance Service, Inc., et al., 3 Cir., 101 F. 514. The defendant has served sworn proofs of loss under the policies in question. The complaint sufficiently alleges that an actual controversy exists and a substantial amount is involved in the suit.

A further question is presented. Each of the insuring companies, not a party to this suit, has brought suit against this defendant in a state court in the State of New York. Each action is for a Declaratory Judgment, and assumedly, is for the relief asked herein. The plaintiffs herein would not be bound by a judgment obtained in these actions in the state court. They cannot be compelled to be joined as parties in the state court action though they could intervene. In the instant suit, as heretofore indicated, the companies suing in the state court cannot be brought into the instant suit. The above considerations are important as bearing on the question of the discretion in this Court in assuming jurisdiction.

Though the Declaratory Judgment Act is of comparatively recent origin, the text books and reports show that it has been resorted to by insurance companies many times for the construction of policies and in many cases relief has been sought in restraint of actions by the insured. Of course, these latter suits would ordinarily be tried by a jury in the first instance.

Here, the ordinary procedure is somewhat reversed and the right, therefore, to pursue the action here should be carefully scrutinized.

■ The Federal Courts have a certain discretion in the entertaining of suits for declaratory judgments. They have not "a capricious or arbitrary power, but one subject to rule and judicial reviews." Declaratory Judgments, Borchard, 2 Ed., p. 313. Vide, also, Automotive Equipment Co. v. Trico Products Corp., D.C., 11 F. Supp. 292; Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779; New York Life Ins. Co. v. London, D.C., 15 F.Supp. 586, 587. The statute reads "courts * * * shall have power * * * to declare rights and other legal relations * * *". "Applying this statute to particular facts is within the discretion of the court." New Discoveries v. Wisconsin Alumni Foundation, D.C., 13 F.Supp. 596, 599, but the court can not arbitrarily refuse to exercise jurisdiction where invoked by the proper proceeding. American Auto. Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613.

Discretion is properly applied where a state action is pending in which the entire issue can be determined as between and among all the parties in interest. Borchard, supra, p. 653. Where a pending suit in the state court would not completely adjudicate the rights of all parties in interest, discretion exercised in taking jurisdiction has been upheld. Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F. 2d 514; Borchard, supra, p. 654. So where the state court could not get jurisdiction over all necessary parties. Borchard supra,

p. 654; Northwestern Mutual Life Ins. Co. v. Errett, D.C., 32 F.Supp. 237. (The cases are numerous wherein the question has been presented as regards the exercise of this discretion where a state suit is pending.) Denial of the assumption of jurisdiction is generally based on the fact that the same parties and the same issues are presented. There are cases in which jurisdiction has been assumed where the issues and parties are not the same but they are not like the present action. Borchard supra, pp. 313, 658 et seq., presents a discussion of many authorities relative to the assumption of the jurisdiction.

It seems to me that in the light of the facts shown here and the authorities, the court may rightly assume jurisdiction of this suit.

The defendant's motion to dismiss is denied.