## UNITED STATES v. NORTHWESTERN TELEGRAPH CO.

No. 3632.

District Court, D. Connecticut.

Aug. 6, 1943.

Robert P. Butler, U. S. Dist. Atty., of Hartford, Conn., for the United States.

Carlos S. Holcomb, of Hartford, Conn., for defendant.

SMITH, District Judge.

This case, brought for the recovery of taxes, was tried before the court and judgment entered March 26, 1935, in favor of the defendant, in accordance with findings of fact and conclusions of law filed by the court. On appeal, the judgment of the court was reversed by the Circuit Court of Appeals by mandate filed October 20, 1936. The terms of the mandate in the case were as follows: "It is hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is reversed. You, therefore, are hereby commanded that such further proceeding be had in said cause in accordance with the decision of this Court, as, according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding." No further proceedings were had until application made by the plaintiff for judgment for the plaintiff in accordance with the decision of the Circuit Court of Appeals, which application was heard on June 24, 1943, at which time both parties appeared by counsel and were fully heard.

It is the contention of the plaintiff that a formal order should have been entered by the Court vacating the original erroneous judgment for the defendant and allowing the recovery to which the plain-

tiff was and is entitled under the decision of the Circuit Court of Appeals, that this order should have been entered within a reasonable time after the filing of the mandate of the Circuit Court of Appeals on October 20, 1936, and that October 31, 1936 was a reasonable time by which such order should have been filed.

It is the further contention of the plaintiff that judgment should now be entered nunc pro tunc as of October 31, 1936, in the following amounts:

| Year | Tax Assessment | Interest | | | |
|------|----------------|----------|------|------|------|
| | | From: | To: | 12% | 6% |
| 1930 | $17,999.64 | 3/15/31 | 10/24/33 | $5633.15 | |
| | | 10/24/33 | 10/31/36 | | $3260.01 |
| | | | Total $26,892.80 | | |

together with interest at six per cent per annum as provided by law on said aggregate sum of $26,892.80 from October 31, 1936 until paid.

There will be, therefore, a substantial difference in the amount now due from defendant to plaintiff depending on whether interest runs to the date of judgment on the principal amount of the tax due at the rates established by statute, or whether interest runs in accordance with plaintiff's contention on a judgment as of October 31, 1936, which already includes a substantial amount of interest then due.

■ Judgment may be entered nunc pro tunc if the entry of judgment by the court in this case could and should have been done as a ministerial act upon the receipt of the mandate from the Circuit Court of Appeals. Wolfe v. Murphy, 8 Cir., 1940, 113 F.2d 775; certiorari denied, 1940, 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454.

This would be the case if the mandate ordered the entry of a judgment on terms specified in the mandate. Here, however, that is not the case, and at least one additional step is necessary. City of Orlando v. Murphy, 5 Cir., 1938, 94 F.2d 426, 429—

■ "The rules governing procedure in a federal trial court after reversal are well settled. Where the merits of a case have been once decided on appeal, the trial court · has no authority, without express leave of the appellate court, to grant a new trial and rehearing, or a review, or to permit new defenses, on the merits to be introduced by amendment. Thus, if a case is affirmed on appeal, there is res adjudicata, and no power exists after the term

to alter the decision. The same is true where, on reversal, a mandate is issued requiring the entry of a specific judgment. Where the reversing decision directs the entry of no specific judgment, but remands the cause for further proceedings in accordance with the opinion, the trial court, though receiving the cause for a retrial, is bound by all its rules, as the law of the case. Seagraves v. Wallace, 5 Cir., 69 F.2d 163; Peavy-Byrnes Lumber Co. v. Com'r, 5 Cir., 86 F.2d 234.

■ "When, as here, the reversing decision, though it directs the entry of no particular judgment yet comprehensively canvasses and finally disposes adversely of the right of plaintiff to recover, and remands the cause for further proceedings not inconsistent with the opinion, the District Court should not permit the filing of, and the retrial of the case on, amendments which do not go to and remove the adjudged deficiencies in the cause of action. It should, as was done here, refuse the amendments and proceed to judgment in accordance with the reversing opinion."

■ It appears from the opinion of the Circuit Court of Appeals and from the statements of counsel on the argument of this motion that the facts are undisputed and are correctly found in the finding of facts originally filed in this court. In this situation, a motion for summary judgment for the plaintiff under the present practice would necessarily prevail. Under the terms of the mandate, however, it would appear that defendant was still entitled to be heard on any such motion, and that the further proceedings referred to in the mandate are something more than the ministerial act of the Clerk of Court in entering a judgment upon findings of fact filed with the original judgment, without further order of this court. The entry of judgment requires action by the court to determine its provisions and may not, therefore, be entered nunc pro tunc as of some date found to be a reasonable time after the receipt of the mandate.

The plaintiff has now moved for judgment. The defendant has had opportunity

to be heard. It appears that no genuine issue of fact remains in the case and that plaintiff is entitled to judgment. It is, therefore, ordered that judgment be entered for the plaintiff in accordance with this opinion, in the amount of the tax assessment, with interest at the rate of 12% on the principal amount of the assessment for the period from March 15, 1931 to October 24, 1933, and with interest at the rate of 6% on the principal amount of the assessment for the period from October 24, 1933 to the date of judgment, together with interest at 6% per annum as provided by law on said aggregate sum from the date of judgment until paid.

It is further ordered that the clerk tax the costs herein in the sum of $22.66 against the defendant.

Form of judgment in accordance with this opinion may be submitted by agreement or on three days' notice.