HAGER v. HANOVER FIRE INS. CO. OF
NEW YORK et al.

No. 3238.

District Court, W. D. Missouri, W. D.
Nov. 21, 1945.

950

Clif Langsdale, of Kansas City, Mo., for plaintiff.

Hogsett, Trippe, Depping & Houts, of Kansas City, Mo., for defendants.

RIDGE, District Judge.

In the case of Home Insurance Company et al. v. Trotter et al., previously tried in this Court, four insurance companies joined as plaintiffs in a declaratory judgment action. By the prayer of the petition said companies prayed for a declaration of rights under separate insurance contracts issued by them to the Trotters. "The petition [in that action] exhibits the distinctive characteristics of a suit for declaratory judgment." Home Insurance Company et al. v. Trotter et al., 8 Cir., 130 F.2d 800, 803. Two of the policies involved in said action were for face value of twenty-five hundred dollars ($2500) each. On motion of the Trotters, who were defendants in that action, the Trial Court dismissed said action as to the two companies whose policies were for a face amount less than three thousand dollars ($3,000), the Court holding that it did not have jurisdiction to declare the rights of the parties under said contracts. The Court did, however, declare and determine, in said action, the rights of the parties under the contracts whose face value exceeded the requisite jurisdictional amount. The four insurance companies joined in a motion to set aside the order of dismissal, and for a new trial as to the two companies against whom judgment was entered in said cause. An affidavit in support of said motion was filed in said action by said companies. The substance of said affidavit, if not true, nor privileged, was libelous per se of plaintiff in this action, who was a witness at the trial of said case. The motion to set aside the order of dismissal and for a new trial was overruled. The four insurance companies appealed. Thereafter, in the 8th Circuit Court of Appeals, on motion of the two companies whose policies were for less than the requisite jurisdictional amount the appeal as to them was dismissed, without prejudice to the other two companies. After the decision of the 8th Circuit Court of Appeals, in Home Insurance Company v. Trotter, 130 F.2d 800, plaintiff, a resident of the State of Missouri, filed in a Court of the State of Missouri, an action for libel against all four insurance companies, and the person who executed the above-referred-to affidavit, also a resident of the State of Missouri. In Hager v. Major et al., 353 Mo. 1166, 186 S.W.2d 564, 158 A.L.R. 584, the highest Court of the State of Missouri affirmed a ruling sustaining a demurrer to the petition filed in the State Court action, as to the two companies whose policies of insurance were of a face value in excess of three thousand dollars ($3,000), and as to the person who made and executed the affidavit that was the subject of said libel. Said Court held that no action was stated in the petition filed against said three parties, because the libel there claimed was shown to be absolutely privileged, having occurred in a legal proceeding in a Court of competent jurisdiction, and the subject of the alleged libel being relevant to the proceedings in which it occurred. Said Court reversed a ruling sustaining the demurrer in the State Court action as to the two companies whose policies were of a face value of twenty-five hundred dollars ($2,500) each, holding as to said last-mentioned companies that the libel charged was not shown to be privileged as to them, because the Court, in which they caused said affidavit to be filed, had no jurisdiction over the subject matter of the proceeding, insofar as said two companies' policies were concerned. After remand in the State Courts (the resident defendant having been discharged from said action), the two insurance companies remaining as defendants therein caused removal of the action to this Court.

Defendants in the instant action allege in their answer, inter-alia, that the libel charged against them herein is absolutely privileged because it was made in an action pending in a Court of competent jurisdiction, and, if not absolutely privileged, it is qualifiedly so for the reason it was made in a judicial proceeding in which it was necessary for them to preserve their right of review of the action of a Court dismissing a cause of action instituted by them in good faith.

Plaintiff has moved to strike certain portions of defendants' answer on the ground that the decision of the highest Court of Missouri, in Hager v. Major, supra, is res judicata of such defenses; and that the matters alleged in the answer are not privileged and constitute no defense to plaintiff's cause of action herein.

The decision of the Supreme Court of Missouri, in Hager v. Major et al., 353 Mo. 1166, 186 S.W.2d 564, 158 A.L.R. 584, is not res judicata of the defense asserted in the answer filed herein. A decision reversing a judgment sustaining a demurrer generally only determines the "law of the case." South Florida Securities, Inc., v. Seward, 5 Cir., 103 F.2d 872, 873; State ex rel. Melbourne Hotel v. Hostetter, 344 Mo. 472, 126 S.W.2d 1189; United States v. Northwestern Telegraph Co., D.C., 52 F.Supp. 973. The doctrine of the "law of the case" is not the same as the doctrine of res judicata. Connett v. City, etc., 7 Cir., 110 F.2d 1015; 30 American Jurisprudence, Page 913, Sec. 170. The opinion of the Supreme Court of Missouri in the Hager Case, supra, did not adjudicate all the issues herein involved. Creason v. Harding, 344 Mo. 452, 126 S.W.2d 1179. After the decision of the Missouri Supreme Court the cause remained pending against these two defendants. Their answer to that cause of action was filed in this Court after removal. 28 U.S.C.A. § 725, and Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, only require a Federal Court to apply the "general law" of a State, as declared by the highest Court of such State. "General laws" are those which apply to and operate uniformly upon all members of any class of persons, places or things. 36 C.J. 958. The "law of a case" is not "general law"; it is a rule of practice. Western Fire Insurance Company v. University City, 8 Cir., 124 F.2d 698. The decision of the Supreme Court of Missouri, entered in this cause before removal to this Court, is binding on this Court under Sec. 79, T. 28 U.S. C.A., insofar as said decision rules plaintiff's petition states a cause of action. Lookout Mountain R. Company v. Houston, C.C., 44 F. 449. This Court has the duty to determine the sufficiency of the allegations contained in the answer to assert a defense.

The proceeding instituted by the four insurance companies against the Trotters was a typical declaratory judgment action. "The petition did not ask the cancellation of the policies of insurance, nor injunctive relief, nor execution nor performance from the defendants, nor coercive relief of any character. The prayer of the petition was for a declaration of the rights of the (parties) *under* (separate) contracts of insurance." Home Insurance Company v. Trotter, 8 Cir., 130 F.2d 800, 802. No Federal equity power was sought by the four companies in said declaratory judgment action. Viewed from that aspect, said cause is materially different from the cause of action sustained in the case of Firemen's Fund Insurance Company et al. v. Crandall Horse Company of Buffalo, New York, D.C., 47 F.Supp. 78, 79, relied on by defendants herein. In the Crandall case, supra, the plaintiffs sought, "among other things, a judgment declaring the policies of the plaintiffs void and restraining the institution of any action against the plaintiffs for the recovery of the amount of the respective policies" there involved. No such relief was sought by the plaintiffs in the Trotter case.

In the Crandall case the Court held that the "pro-rata liability" provisions contained in the policies there involved created a "common interest" so that the requisite jurisdictional amount of liability under each policy could be aggregated to create the requisite Federal jurisdictional amount. In support thereof the Court cites Jamerson v. Alliance Insurance Company of Philadelphia, 7 Cir., 87 F.2d 253, certiorari denied 300 U.S. 683, 57 S.Ct. 753, 81 L.Ed. 886; American Optometric Ass'n v. Ritholz, 7 Cir., 101 F.2d 883; Phillips Petroleum Company v. Taylor, 5 Cir., 115 F.2d 726; Pacific Fire Insurance Company v. C. C. Anderson Company of Nampa, D.C., 42 F.Supp. 917; Sovereign Camp, Woodmen of the World, v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293. Whether such ruling, determining that the jurisdiction of Federal Courts in declaratory judgment actions, in which equity relief is sought against a multiplicity of suits, arising out of a single transaction, is sound, need not be determined. The Crandall case involved such issues. The Trotter case did not. The Jamerson case, supra, was a suit in equity. It is no authority for holding that in a pure declaratory judgment action such as here, where the parties only seek a declaration of rights *under* several contracts, that the face amount of such separate contracts can be aggregated so as to provide the requisite Federal jurisdictional amount. American Optometric Ass'n v. Ritholz, supra, was also an injunction suit brought in equity. In Phillips Petroleum Company v. Taylor, supra, the plaintiffs had a joint interest in the oil lease there involved and sued to enforce a single title, or right, in which they had a common and undivided interest. In Pacific Fire Insurance Co. v. C. C. Anderson, etc., supra, plaintiff sought, as in the Crandall case, injunctive relief along with a declaration of rights. Sov-

ereign Camp, Woodmen of the World, v. O'Neill, supra, was a suit in equity to restrain numerous actions brought pursuant to an alleged conspiracy against the plaintiff therein. The amount involved was held to be the total damage resulting to plaintiff from such controversy. The Supreme Court of the United States, however, held in said case that a suit based on diversity of citizenship, brought against several defendants to enjoin the collection of claims against the plaintiff, which are separate and distinct, although depending for their validity upon a common origin, that the test of jurisdiction is the amount of each separate claim and not their aggregate amounts.

In Home Insurance Company v. Trotter, supra, the Court, considering the jurisdiction of Federal Courts in declaratory judgment actions, said, 130 F.2d at page 803:

"The Declaratory Judgment Act, 28 U.S.C.A. § 400, did not enlarge the jurisdiction of the federal district courts nor 'alter the character of the controversies which are the subject of the judicial power under the Constitution'. Love v. United States, 8 Cir., 108 F.2d 43, 50, certiorari denied 309 U.S. 673, 60 S.Ct. 716, 84 L.Ed. 1018; United States F. & G. Co. v. Pierson, 8 Cir., 97 F.2d 560; Thompson v. Moore, 8 Cir., 109 F.2d 372. But where in such actions the relief sought is a declaration of the validity or invalidity of a contract, the value of the contract determines the amount in controversy for the purpose of determining jurisdiction. United States F. & G. Co. v. Pierson, supra; C. E. Carnes & Co. v. Employers' Liability Assurance Corp., Ltd., London, 5 Cir., 101 F.2d 739; Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486; Mutual Life Ins. Co. v. Moyle, 4 Cir., 116 F.2d 434; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406."

It is manifest, from the Opinion of Judge Riddick in the Trotter case, that the Court retained jurisdiction of the two insurance companies, whose appeals were there determined, because the policies of said companies were for a face value of more than three thousand dollars ($3,000). The Court said:

" * * * since the controversy against *each* of the appellants and the appellees involves the requisite jurisdictional amount, it is unnecessary to consider the question of the right of appellants (sic) to aggregate their separate claims for the purpose of conferring jurisdiction." (Emphasis added.)

As the nature of the relief sought by the plaintiff in the Trotter case did not call for the exercise of any Federal equity jurisdiction, it is evident, from an examination of the pleadings in that case, that the Court could only declare rights as to the liability of each of the insurance companies under the separate policies of insurance issued to Trotter. The "pro-rata" or proportionate recovery clause contained in policies of property insurance makes the liability of the Company several, and not joint. 29 Am.Jur., p. 993. Fireman's Fund Ins. Co. v. Palatine Ins. Co., 150 Cal. 252, 88 P. 907; Globe N. F. Ins. Co. v. American Bonding & C. Co., 205 Iowa 1085, 217 N.W. 268, 56 A.L.R. 463; National F. Ins. Co. v. Dennison, 93 Ohio St. 404, 103 N.E. 260, L.R.A.1916F, 992; Walker v. Queens Ins. Co., 136 S.C. 144, 134 S.E. 263, 52 A.L.R. 259. Since the pro-rata liability of the plaintiffs in the Trotter case was several and not joint, the fact that such liability arose from one fire loss in an amount exceeding the requisite Federal jurisdictional sum is immaterial. Sovereign Camp, Woodmen of the World, v. O'Neill, supra. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001. We conclude that the Court did not have jurisdiction of the subject matter of the two policies of insurance, of a face value less than the requisite Federal jurisdictional sum, involved in the Trotter declaratory judgment action.

Therefore the defense of absolute privilege is not available to defendants in this action.

As to the defense of "qualified privilege" asserted by defendants and sought to be stricken from the answer. "A communication made in good faith on any subject matter in which the person communicating has an interest, or in which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation." 33 Am.Jur. p. 124. The determination of the issue, where it exists, of qualified privilege, or its abuse, is, as a general rule, a question for the jury. 33 Am.Jur. p. 280. From the pleadings in this case it appears that such defense is reason-

ably available to defendants herein. Whether it does in fact exist we do not now decide. Where such a defense exists plaintiff has the burden to prove express malice. Walgreen Co. v. Cochran, 8 Cir., 61 F.2d 357.

Plaintiff's motion to strike the defense of qualified privilege, set forth in the answer, is overruled.

Order will be prepared by counsel accordingly.