## LOVETT *et al. v.* PRENTICE.

*(Circuit Court, D. Minnesota. December 24, 1890.)*

QUIETING TITLE—JURISDICTION—AMOUNT IN CONTROVERSY.

In a suit by the owners of separate lots, who derive title from a common grantor, to quiet their title as against a defendant who claims to own all the lots, the amount in controversy is the value of all the lots owned by the complainants, and not the value of separate lots of each.

In Equity.

The complainants, Charles E. Lovett, Frank R. Webber, C. A. Stewart, and R. T. Lewis, allege that they are severally the owners in fee of certain tracts of land situate in St. Louis county, state of Minnesota, in Duluth proper, third division, according to the recorded plat thereof. The particular lot owned by each plaintiff is given, and it is further stated that the lands described are a part of a certain tract described according to the government survey, which had been laid out into town lots, which are owned by 700 different persons. That an undivided one-half interest of each of the said lots is claimed and owned in severalty under conveyances from John M. Gilman, as a common source of title. That Gilman acquired title to the said undivided one-half interest under a deed from Benjamin Armstrong and wife, dated August 30, 1864. That Armstrong and wife, September 11, 1856, executed and delivered a deed to the defendant, Frederick Prentice, which was duly recorded, of certain real estate described and bounded as follows:

"One undivided $\frac{1}{2}$ of all the following described piece or parcel of land, situate in the county of St. Louis, and territory of Minnesota, and known and

described as follows, to-wit: Beginning at a large stone or rock at the head of St. Louis River bay, nearly adjoining Minnesota point; commencing at said rock, and running east one mile, north one mile, west one mile, south one mile, to the place of beginning, and being the land set off to the Indian chief Buffalo at the Indian treaty of September 30, A. D. 1854, and which was afterwards disposed of by said Buffalo to said Armstrong, and is now recorded with the government documents."·

That none of the plaintiffs' lands are included in or intended to be described in the Prentice deed, and that Prentice wrongfully claims that the plaintiffs' lots are included in the land described in the Armstrong deed to him. It is further charged that defendant claims ownership, and has brought ejectment suits against several persons other than the plaintiffs above specifically named, and alleges that this suit is brought, not only on their own behalf, but in behalf of others claiming any interest in any of the lands which has been derived or claimed from J. M. Gilman, as aforesaid, and to whose said interest an adverse claim of title is set up by said defendant as against the Gilman title, and who may come in to be made parties plaintiff to this action. The relief claimed is a judgment adjudging that Gilman owned an undivided one-half of the land described in the Armstrong deed to him August 31, 1864, and that said title be quieted and settled as against the adverse claim of the defendant, Prentice, and that he be perpetually enjoined from claiming or asserting, in law or equity, any right, title, or interest adversely to the Gilman title as against the plaintiffs and others similarly situated, and for such other and further relief as to the court may seem just, etc. An answer is filed asserting that the defendant is the owner in fee-simple of an undivided one-half of all the lands in said complaint described, and praying judgment "(1) that plaintiffs take nothing by this action; (2) that defendant is the owner of an undivided ½ of the land, and that he have possession," etc. A stipulation is filed and signed by the parties that the amount in dispute between the complainant Lewis and defendant is less than $2,000, and so, also, between the complainant Stewart and defendant; and a plea in abatement is filed based upon the stipulation, and it is urged the criterion of jurisdiction of the federal court is the value of the particular lot owned by Lewis or by Webber. This case is removed from the state court to the United States circuit court.

*W. W. Billson*, for complainants.

*Kitchel, Cohen & Shaw*, for defendant.

NELSON, J., (*after stating the facts as above.*) Sufficient appears to show that this suit belongs to a class over which equity has jurisdiction, although the bill of complaint is framed with reference to the provisions of the statute of the state of Minnesota, (section 4, c. 75, Gen. St. Minn. 1878.) The action upon principles of equity is permitted in order to avoid a multiplicity of suits, and the determination of the motion to remand depends upon whether the amount in controversy in the suit is sufficient to give this court jurisdiction, and entitle the defendants to remove the same. The suit is instituted to determine the title to the entire tract of land, and settle the disputed claim of the defendant. He

is a common adversary, and complainants have a common source of title. While they respectively claim to own separate and specific lots, divided out of the large tract described in the complaint, (and so far their interests may be separate and distinct,) yet the controversy is in regard to a common title, in which the several complainants are collectively interested, and in which they have a community of interest. The relief asked is to establish the Gilman title and also the right of each individual complainant to the specific tract claimed. The suit belongs to that class where a person claims a right against a great number of individuals claiming under the same general right. Equity then interferes by obliging the party to abide by the event of a single issue. Or where a number of persons claim distinct rights in the same subject, and there must necessarily be a multiplicity of suits, a bill is filed to put an end to the controversy by a single suit; or, as better expressed by Mr. Pomeroy, (see 1 Pom. Eq. Jur. § 245 and following,—

" Where a number of persons have separate and individual claims and rights of action against the same party, but all arise from some common cause, are governed by the same legal rule, and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as co-plaintiffs, or one of the persons suing in behalf of the others, or even by one person suing for himself alone."

The complainants here have an identity of interest,—a common title, —and the value of the matter in dispute is measured by the value of all the land represented and claimed by the complainants whose title is denied, and not by the value of the separate lots of each. The amount of all the lots represented by the complainants is sufficient to give the right of removal, and the motion to remand is denied. It is so ordered.