## NATHAN v. ROCK SPRINGS DISTILLING CO.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1926.)

No. 4444.

1. **Courts** ⊜⇒328(6)—**Jurisdiction of federal court determined by amount claimed in petition.**

Jurisdiction of a federal court is determined by amount claimed in petition, except where it appears from petition that a part of claim is fictitious and inserted solely to invoke jurisdiction of court.

2. **Courts** ⊜⇒328(9)—**Claimed attorney's fee considered in determining whether amount involved sufficient to sustain original jurisdiction of federal court.**

Claim for attorney's fee, under Ky. St. § 4775, in action for damages for alleged fraudulent issuance of warehouse receipts, in violation of section 4771, may be considered in determining whether amount involved is sufficient to sustain original jurisdiction of federal court; such claim not being fictitious, or made in bad faith.

In Error to the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

Action by Emil Nathan against the Rock Springs Distilling Company. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

Thomas E. Sandidge, of Owensboro, Ky. (W. P. Sandidge, of Owensboro, Ky., and Henry H. Furth, of St. Louis, Mo., on the brief), for plaintiff in error.

Louis I. Igleheart, of Owensboro, Ky., for defendant in error.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. Action was brought in the District Court by Emil Nathan, a citizen and resident of Missouri, against the Rock Springs Distilling Company, a Kentucky corporation, having its chief office and place of business in Daviess county, in the Western district of the state of Kentucky, to recover damages in the sum of $3,510.92 for the alleged false and fraudulent issuance of 10 warehouse receipts in violation of section 4771 of Carroll's Kentucky Statutes 1922, Session Acts 1891–92–93, c. 256, p. 1390.

It is further alleged that each of these warehouse receipts falsely represented and stated that the defendant had received and stored in its warehouse 5 barrels of whiskey, or a total of 50 barrels containing in the aggregate 2,483.96 proof gallons, 103 proof;

that these receipts were issued to the H. L. Griesedeck Distilling Company, and purchased from that company by Nathan for the sum of $2,877.04 in cash, and the further agreement on the part of Nathan that he would assume and pay the accrued storage and tax charges, amounting to $600.50. The total sum of $3,510.92 sought to be recovered as damages in this action include the sum of $2,877.04 cash paid by the plaintiff to the H. L. Griesedeck Distilling Company, $33.80 expenses of a trip by plaintiff from St. Louis, Mo., to Owensboro, Ky., preparatory to instituting this suit, and $600 attorney fee.

To this petition the defendant answered, denying all allegations of fraud, and specifically denying that the matter in controversy exceeds, exclusive of interest and cost, the sum or value of $3,000, and by an amended answer alleged that the plaintiff in no event was entitled to recover expenses or attorney fees, and that these items could not be considered by the court as any part of the amount in controversy. To this amended answer the plaintiff filed a general demurrer, which demurrer was overruled by the court, and the action dismissed, for the reason that on the face of the petition this cause does not involve a dispute or controversy exceeding the sum or value of $3,000. The plaintiff in error insists that the trial court erred to its prejudice in overruling his demurrer to the amended answer, and in entering a decree dismissing the petition and for costs in favor of the defendant.

[1] The jurisdiction of a federal court is determined by the amount claimed in the petition, and not by the amount that the plaintiff may ultimately recover. The only exception to this rule is where it appears from the petition that a part of the claim is fictitious, and inserted in the petition in bad faith and for the sole purpose of invoking the jurisdiction of the court. Such a claim will, of course, be disregarded in determining the amount in controversy.

Plaintiff bases his right to recover damages, including his expenses and attorney fees, on section 4775 of Carroll's Kentucky Statutes 1922, above cited, which provide that any warehouseman or person who shall willfully and knowingly violate any of the provisions of this article shall be guilty of an offense for which he may be fined or imprisoned, and that "every person aggrieved by the violation of any of the provisions of this article shall have and maintain an action against the person or corporation vi-

olating any of the provisions of this article to recover all damages, immediate, consequent, legal and extraordinary, which he or they may have sustained by reason of such violation as aforesaid, whether such person may have been convicted or not."

Plaintiff further relies upon the decision of the Kentucky Court of Appeals in Yantis v. Burditt, 2 Dana (32 Ky.) 254, construing a like statute, which he claims is not nearly so comprehensive, in its provision as to the damages that may be recovered, as the one now under consideration, and also upon the later case of Kentucky Land & Immigration Co. v. Crabtree, 118 Ky. 395, 80 S. W. 1161, 4 Ann. Cas. 1131, which discusses at some length the decision in the Yantis Case, and distinguishes between the statute under consideration in that case and the bond which was the basis of the action in the later case. The defendant insists that such a construction would be wholly inconsistent with the public policy of the state as declared by the Court of Appeals, and cites a number of cases in support of this contention. It is also claimed on behalf of the defendant that, even if plaintiff is entitled to recover attorney fees, they must be taxed as cost, and not included in the estimate of the amount in dispute or controversy.

If the plaintiff is entitled to recover attorney fees, he must do so under the provision of the statute authorizing a recovery for damages immediate, consequent, legal, and extraordinary. If he is not entitled to recover attorney fees as part of his damages, then he is clearly not entitled to recover such fees as costs. It was held by the Supreme Court in Brown v. Webster, 156 U. S. 328, 15 S. Ct. 377, 39 L. Ed. 440, that interest on the principal sum might be included for the purpose of jurisdiction in an action for damages for breach of warranty of title, where under the law of the state in which the action arose the measure of damages was the price paid, with interest. If, under this statute of Kentucky, attorney fees may be included in the damages that plaintiff is entitled to recover, then this item becomes an elemental part of the total damages the plaintiff has suffered, and must be included, the same as all other items of damages in determining the jurisdictional amount. Springstead v. Crawfordsville State Bank, 231 U. S. 541, 542, 34 S. Ct. 195, 58 L. Ed. 354, and cases there cited. [2] Without intending in any way to express an opinion upon the plaintiff's right to recover attorney fees in this action, we are nevertheless of the opinion that his claim in that respect is not fictitious, and not made in bad faith, but, on the contrary, he is fairly entitled to present that question for judicial determination, and for that reason the amount of that claim should be included in determining the amount in controversy.

The judgment of the District Court, dismissing for want of jurisdiction, is reversed, and cause remanded for further proceedings in accordance with this opinion.