### JAMERSON v. ALLIANCE INS. CO. OF PHILADELPHIA et al.

#### No. 5833.

Circuit Court of Appeals, Seventh Circuit.

Jan. 8, 1937.

Rehearing Denied Jan. 29, 1937.

254

Bruce A. Campbell, R. E. Costello, and John M. Karns, all of East St. Louis, Ill., and P. H. Cullen, of St. Louis, Mo., for appellant.

George C. Willson and J. H. Cunningham, Jr., both of St. Louis, Mo., and Martin F. Oehmke, Harold G. Baker, and Ralph F. Lesemann, all of East St. Louis, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge.

Ten corporate fire insurance companies, non-residents of Illinois, instituted this action against appellant who was a citizen of Illinois. By it, appellees sought to enjoin appellant from prosecuting eleven separate pending suits in the city court of East St. Louis, Illinois, upon eleven separate policies of fire insurance issued to him by appellees upon a stock of merchandise subsequently destroyed by fire. Each appellee was a defendant in the state court in a separate suit on a separate policy, except the Star Insurance Company, which was a defendant in two suits, each upon a separate policy.

The bill inter alia alleged that each policy was a standard insurance contract and contained a provision that each insurer should not be liable for any more than its pro rata share of any total loss; that, although certain of the policies sued upon in the state court purported to constitute an individual liability of more than $3,000, yet each of the suits on those policies was brought for $2,999; that none of the appellees was liable on any of the policies because appellant fraudulently conspired with others to procure, and did procure all of the policies by false state-

ments, and did conspire to bring about the fire which destroyed the insured property for the purpose of defrauding appellees; that appellant was convicted in the United States Court on an indictment charging him with using the mails to promote that conspiracy. The bill alleged equity jurisdiction first, because of the language of the policies which required an accounting with respect to the total liability and the prorated liability, and second, because the equity proceeding would avoid a multiplicity of suits.

Appellees' prayer was for a temporary restraining order without notice, for a preliminary injunction after notice, and for a permanent injunction upon final hearing, against the prosecution of the suits in the state court. They further demanded a cancellation of the policies and offered to pay into court the premiums received by them; or, in the alternative, they asked the court to determine the liability of each insurer under the provisions of the policies.

Appellant resisted the application for injunction and filed his motion to dismiss the bill for want of jurisdiction or equity. The court granted a temporary restraining order, and also a temporary injunction after notice, and overruled the motion to dismiss the bill. The appellant elected to stand on his exception to the court's ruling in denying his motion to dismiss, and declined to plead further. Whereupon, final decree was entered cancelling the policies upon return of the premiums paid by appellant, and a permanent injunction was issued against prosecution of the suits in the state court.

█ It is first contended by appellant that the District Court had no jurisdiction because the requisite jurisdictional amount was not involved. In support of this contention, he relies mainly on Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Walter v. Northeastern Railroad Co., 147 U.S. 370, 13 S. Ct. 348, 37 L.Ed. 206, and Georgia Power Co. v. Hudson (C.C.A.) 49 F.(2d) 66, 75 A.L.R. 1439. This contention was thoroughly discussed in a well considered opinion by the District Court in this case, in Alliance Ins. Co. v. Jamerson, 12 F. Supp. 957, in which the Di Giovanni Case was correctly distinguished in point of fact from the one at bar, and from the line of cases typified by McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533, and

Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 51, 69 L.Ed. 293. In the latter case, it was held that, "A conspiracy to prosecute, by concert of action, numerous baseless claims against the same person for the wrongful purpose of harassing and ruining him, partakes of the nature of a fraudulent conspiracy; and in a suit to enjoin them from being separately prosecuted, it must likewise be deemed to tie together such several claims as one claim for jurisdictional purposes, making their aggregate amount the value of the matter in controversy." Conversely, we conceive of no reason why separate defendants in separate actions at law may not join their several claims for jurisdictional purposes, when, as here, their claims are identical and are the result of an unlawful and fraudulent conspiracy entered into by appellant and his co-conspirator against all of appellees. The District Court thus held, and we think the ruling was right under the decisions cited in that opinion. That court did not discuss the Georgia Power Company Case or the Walter Case. This may be due to the fact that they were not called to its attention. However, in neither of those cases was there such connection or community of interest between the claims, by reason of conspiracy or otherwise, as would authorize aggregation for the purpose of conferring jurisdiction under the ruling in the McDaniel and Woodmen Cases.

█ Furthermore, the amount in controversy with respect to the Star Insurance Company clearly exceeded the amount necessary to give jurisdiction over that appellee's claim. Provident Mut. Life Ins. Co. v. Parsons (C.C.A.) 70 F.(2d) 863; Mutual Life Ins. Co. v. Rose (D.C.) 294 F. 122. The motion to dismiss for lack of jurisdictional amount having been directed to the entire bill, it was properly overruled with respect to that basis for the motion. Grosjean v. American Press Co., 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660. But aside from this formal objection to the motion, we are convinced that the court's ruling was correct because the language of the policies established a community of interest among the appellees with respect to the subject matter involved which gave them a right to aggregate their claims or liabilities for jurisdictional purposes. Washington Market Co. v. Hoffman, 101 U.S. 112, 25 L.Ed. 782; First State Bank v. Chicago, R. I. & P. R. Co. (C.C.A.) 63 F.(2d) 585, 90 A.L.R. 544; Lovett v. Prentice (C.C.)

44 F. 459; American Central Ins. Co. v. Harmon Knitting Mills (C.C.A.) 39 F.(2d) 21; Milwaukee Mechanics' Ins. Co. v. Ciaccio (C.C.A.) 38 F.(2d) 153; Virginia-Carolina Chemical Co. v. Home Ins. Co. (C.C.A.) 113 F. 1.

█ It is further contended by appellant that the District Court was without equity jurisdiction first, because section 265 of the Judicial Code (28 U.S.C.A. § 379) provides that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any state court, except where authorized by the Bankruptcy Act (11 U.S.C.A.); and second, because appellees had a full, adequate and complete-remedy at law in the suits already instituted in the state court.

It is unnecessary to discuss at length the applicability of section 265 of the Judicial Code (28 U.S.C.A. § 379). The Supreme Court has held that it is not a jurisdictional statute, but one that merely goes to the equity presented by the bill. That court has further held that if the bill discloses a case appropriate for the exercise of equitable and injunctive powers of a federal court, an injunction of the character here involved may be issued. Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678; Woodmen of the World v. O'Neill, supra. This question was fully discussed in the District Court's opinion, and we concur in the result reached therein.

█ It is axiomatic that, equitable jurisdiction exists to cancel insurance policies, even after loss, where, because of special circumstances, the remedy at law is inadequate. Phœnix Mutual Life Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Fire Ins. Ass'n, supra. The controversy here is narrowed to whether the suggested remedy at law by way of defense to the separate legal actions in the state court was full, adequate and complete.

It can not be denied that the cancellation of the policies, the enjoining of the suits at law, and the fixing and apportionment of loss in the event of liability, are all of an equitable nature and are within the jurisdiction of equity. There are cases, however, which hold that equity's jurisdiction will be denied with reference to the relief of cancellation of policies of insurance for fraud in their procurement, when the same is sought after loss and after suits at law have been instituted in which the fraud is available as a defense. Generally, those cases have presented circumstances which were quite convincing that the legal remedy was adequate, and in such cases no·violence was done to the well-established rule of equity. We find no Supreme Court decision which supports the doctrine that the loss and the institution of the legal action render the consideration of adequacy of remedy immaterial, and if there be other courts which have held otherwise, we feel constrained not to follow them.

On the question of adequacy of remedy by way of defense to the separate actions at law, the District Court considered and discussed the relevant subjects of the multiplicity and character of the suits at law, apportionment of loss, proportional liability, and accounting, and it held that the remedy at law was not adequate. That ruling is supported by the decisions of the Supreme Court of the United States, the Supreme Court of Illinois, and of this court, which the District Court discussed at length in its decision, and which it is not necessary here to repeat. We are in accord with that ruling.

█ It is further urged by appellant that appellees were guilty of laches which should deprive them of any right they might otherwise have had. This record discloses that the only delay of consequence in instituting this proceeding was occasioned by appellant's repeated promise that he would dismiss his actions at law in case he was convicted on the criminal charge. He was convicted. That judgment was affirmed by this court and he was denied certiorari by the Supreme Court. Under these circumstances,·he is in no position to urge laches on the part of appellees. The bill was sufficient to support the decree, and the motion to dismiss was properly denied.

Other reasons are argued in support of the court's rulings, but we do not deem it necessary to discuss them.

Affirmed.