## MUTUAL BEN. HEALTH & ACCIDENT ASS'N v. BOWMAN.*

### No. 10923.

Circuit Court of Appeals, Eighth Circuit.
March 15, 1938.

Rehearing Denied April 20, 1938.

---

*Writ of certiorari granted **58** S.Ct. 1056, 82 L.Ed. ——.

Philip E. Horan, of Omaha, Neb. (G. J. Cleary and V. J. Skutt, both of Omaha, Neb., on the brief), for appellant.

Hird Stryker, of Omaha, Neb. (Robert E. Cunningham, on the brief), for appellee.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

STONE, Circuit Judge.

Appellee (a citizen of New Mexico) brought this action in the District Court of Nebraska against appellant (a citizen and resident of Nebraska) to recover on an accident insurance policy for the death of Frank D. Bowman, the insured. Jury was waived and the evidence stipulated. From a judgment for $3,126.58, this appeal is brought by the insurer.

Two issues are presented here. The first issue is whether the amount necessary for federal jurisdiction is involved. The policy provided for a principal sum payment of $2,000 and "an amount equal to all the premiums paid by the Insured on this policy, plus compound interest at the rate of 4% per annum from the date of the payment of each of said premiums to the date of loss of life of the Insured." The amount of premium recovery under this provision was $526.58. The total recovery under the policy was, thus, $2,526.58. The petition sought, also, recovery of attorney's fees of $600 in accordance with section 44-346, Compiled Statutes of Nebraska 1929.[1]

There is no dispute as to the two items of recovery on the policy, which total $2,526.58, nor as to the amount of the counsel fees pleaded. The contention is that no counsel fees are recoverable, under the above statute, in this case because this policy is a New Mexico contract and no such fees are authorized under the law of that state.

In Simecek v. United States National Bank of Omaha, 8 Cir., 91 F.2d 214, 217, this court stated:

"With respect to federal jurisdiction, the fact that the claim may ultimately be held bad is immaterial. The Fair v. Kohler Die Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716. Except where it appears that part of the claim is fictitious and inserted for the purpose of invoking jurisdiction of the court, Nathan v. Rock Springs Distilling Co., 6 Cir., 10 F.2d 268, the amount in controversy is determined by that actually claimed in the petition and not by the amount the plaintiff may ultimately recover. Barry v. Edmunds, 116 U.S. 550, 560, 6 S.Ct. 501, 29 L.Ed. 729."

That statement rules this issue here (also, see, St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586, 82 L.Ed.

[1] This section is as follows:

"*Insurance, Action, Attorney's Fee.* In all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy of life, accident, liability, sickness, guaranty, fidelity or other insurance of a similar nature, or upon any certificate issued by a fraternal beneficiary association, against any company, person or association doing business in this state, the court, upon rendering judgment against such company, person or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery, to be taxed as part of the costs, and if such cause is appealed the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings."

——, decided February 28, 1938). There is, here, no room to hold that the inclusion of the attorney fee in this petition was either fictitious or in bad faith. The above quotation contains the citation of Nathan v. Rock Springs Distilling Co., 6 Cir., 10 F.2d 268, which involved inclusion of an attorney's fees, under a Kentucky statute, to make the federal jurisdictional amount. Therein, the court stated (at page 269 of 10 F.2d):

"Without intending in any way to express an opinion upon the plaintiff's right to recover attorney fees in this action, we are nevertheless of the opinion that his claim in that respect is not fictitious, and not made in bad faith, but, on the contrary, he is fairly entitled to present that question for judicial determination, and for that reason the amount of that claim should be included in determining the amount in controversy."

From the pleadings here (particularly the petition) it did not appear that the policy here was a New Mexico contract or that the Nebraska statute was inapplicable for any reason. That did not become evident until trial upon the merits. Upon the pleadings (particularly the petition), the allegations as to recovery of counsel fees were not unsubstantial nor is there any claim or basis for claim that such were made in bad faith. In this situation, the jurisdiction is secure even though the recovery of attorney fees be denied. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062. While there are facts in this case not like those in Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342, yet that case is controlling here because the facts leave no doubt that this policy is a contract made in New Mexico and, therefore, not subject to the Nebraska statute allowing attorney fees. Since the amount here allowed for counsel fees is definitely ascertainable, the judgment can be reduced by that sum ($600) without necessity for a new trial.

The second issue here is the contention of appellant that the accident causing the death of Mr. Bowman resulted "while participating in aeronautics," which was an exception expressed in the policy. An outline of the facts as to this issue are as follows. Insured was a farmer. He was not an airplane pilot or mechanic and had never acted as such. His son was a commercial airplane pilot and also conducted an airplane school. The son negotiated the purchase of a plane located at Blackwell, Okl. Insured paid for the plane and intended it as a gift to his son to be used in the business of the son. Insured took title in his own name to the plane. This was designed to protect the son from the possible consequences of a damage suit. Prior to this, three other planes had been placed in the name of insured for the same purpose of avoiding the consequences of an unfavorable outcome in the above damage suit which might result in execution levy on the property of the partnership. These three planes were used at El Paso, Tex., in the business of the son and a partner, A. E. Johnson, and they constituted the capital contributed by the son to this partnership business. Insured went with his son to Blackwell where the plane was delivered. The plane was a cabin plane with two seats —one for the pilot and one for a passenger. From Blackwell, insured and his son flew to Wichita, Kan., and the next day the two were killed while on the way from Wichita to El Paso. The son was found in the pilot seat and insured in the passenger seat.

We think the above situation does not show that insured was "participating in aeronautics" at the time of the accident. His only connection with aeronautics was to buy this plane for his son to be used in the son's business. He was, as to aeronautics, only a passenger when killed. This case is ruled by Gregory v. Mutual Life Ins. Co. of New York, 8 Cir., 78 F.2d 522 (certiorari denied 296 U.S. 635, 56 S.Ct. 157, 80 L.Ed. 451), decided by this court. Also, see, Sulzbacher v. Continental Casualty Co., 8 Cir., 88 F.2d 122, 124.

The case is remanded, with instructions to set aside the judgment for $3,126.58 and enter, in lieu thereof, judgment for $2,526.58.

### On Petition for Rehearing.

Appellant has filed a petition for rehearing in which it urges two matters concerning the opinion of this court of March 15, 1938.

One matter is that the court erroneously determined that the insured was not, at the time of the accident, "participating in aeronautics" within the meaning of the policy of insurance here in suit. We deem this contention unsound.

The second matter is that the court erroneously held that attorney fees for prosecution of this action were recoverable by plaintiff (appellee). This contention · is well taken. However, no rehearing is necessary as the error can be corrected by modification of the opinion. The opinion is modified in the two respects following:

1. The paragraph: "What has been said above is sufficient to sustain the jurisdiction here attacked. However, another reason is that, even if this contract be regarded as a New Mexico contract, yet attorney's fees are recoverable under the above Nebraska statute in this action. Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267; Sioux County v. National Surety Co., 276 U.S. 238, 241–244, 48 S.Ct. 239, 72 L.Ed. 547," is withdrawn.

In place thereof, is substituted the following: "From the pleadings here (particularly the petition) it did not appear that the policy here was a New Mexico contract or that the Nebraska statute was inapplicable for any reason. That did not become evident until trial upon the merits. Upon the pleadings (particularly the petition), the allegations as to recovery of counsel fees were not unsubstantial nor is there any claim or basis for claim that such were made in bad faith. In this situation, the jurisdiction is secure even though the recovery of attorney fees be denied. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062. While there are facts in this case not like those in Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L. Ed. 342, yet that case is controlling here because the facts leave no doubt that this policy is a contract made in New Mexico and, therefore, not subject to the Nebraska statute allowing attorney fees. Since the amount here allowed for counsel fees is definitely ascertainable, the judgment can be reduced by that sum ($600.00) without necessity for a new trial."

2. The concluding sentence of the opinion: "The judgment is affirmed," is stricken, and in place thereof is substituted the following: "The case is remanded with instructions to set aside the judgment for $3,126.58 and enter, in lieu thereof, judgment for $2,526.58."

Except for the above modifications in the opinion, the petition for rehearing is denied.