AMERICAN UNION INS. CO. OF NEW YORK et al. v. LOWMAN WINE & BOTTLING CO., Inc., et al.

Civ. A. No. 6410.

United States District Court
W. D. Missouri, W. D.

Sept. 8, 1950.

Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for plaintiffs.

William Costello, Kansas City, Mo., for defendants William Lowman, William H. Costello, Alta Lowman, Emma Lowman and Violet Harrow.

J. K. Owens, Robert Meyers, Kansas City, Mo., for defendant Joe Balano.

Joseph N. Miniace, Marcy K. Brown, Kansas City, Mo., for defendant Peter Spallito.

Jim T. Reid, Gage, Hillix & Phelps, Donald W. Johnson, Kansas City, Mo., for other defendants.

REEVES, Chief Judge.

This is an action for a declaratory judgment. It was brought under Section 2201, Title 28 U.S.C.A., said section being formerly known as Section 400, Title 28 U.S.C.A. The section is a part of what was known as the Declaratory Judgments Act.

Two questions are presented for decision: (a) Does the action withdraw from the state courts the jurisdiction that said courts should properly and in fact exercise? And, (b), Should the alleged cause of action for part of the plaintiffs be dismissed on the ground that the amount in controversy is below the jurisdiction of this court?

Adverting to the facts: On March 27, 1950, the corporate defendant, Lowman Wine & Bottling Company, Inc., was then and had been engaged in the sale and distribution of alcoholic beverages at a place known as or situated at 110 East Missouri Avenue, Kansas City, Missouri. Previously it had obtained insurance from time to time from the several plaintiffs separately and individually upon its stock of merchandise or liquors. The aggregate of such insurance on the face of all of the policies was $65,000. On the said March 27, 1950, a violent explosion and fire occurred whereby the said corporate defendant claimed the stock of merchandise or liquors covered by the insurance was damaged or destroyed.

The complainants say that the explosion and fire were deliberately caused by officers or agents of the said corporate defendant. In addition, there are averments of fraud and deceit practiced by some of the defendants in such way as to fix liabilities upon the several plaintiffs.

Pursuant to these several alleged false and deceptive acts the complainants further aver that the defendants, or some of them, have asserted claims and made demands upon the plaintiffs for damages equal to the face amount of the several policies, to-wit, the sum of $65,000, and, in addition to this that the defendants, or some of them, claim penalties, such as damages and attorneys' fees for vexatious refusal to pay the amount of damages asserted. And it is alleged by the individual plaintiffs, whose policies or contracts of insurance were below the jurisdictional amount, that such amounts increased with a demand for damages and for attorneys' fees would bring the amount within the jurisdiction of the court.

The alleged claim for damages and attorneys' fees is based upon Section 6040, R.S.Mo.1939, Mo.R.S.A. This section is

all comprehensive and covers practically every manner of insurance issued in the State of Missouri. Its provisions are such that, if it be found in case of loss that any company has vexatiously refused to pay the damages claimed under its policies, damages not exceeding 10% of such losses may be awarded, and, in addition, a reasonable attorney's fee may be adjudged against the defaulting or delinquent or recalcitrant insurance companies.

As indicated, the several motions to dismiss challenge the jurisdiction of the court as to some of the policies and invoke the discretion of the court to decline to entertain jurisdiction on other policies for the reason that the state courts can adequately and fully dispose of the controversy.

All of these will be noticed.

1. Seven of the plaintiffs issued policies on the merchandise with face amount of $2500 each. Two issued two policies of $2500 each, and one company issued a policy of $5000, and one in the sum of $2500. It would follow that the companies, having issued policies the aggregate of which exceeds $3000, would be entitled to maintain their actions in this jurisdiction if otherwise there was a compliance with the statute fixing the jurisdiction of this court.

Paragraph 7 of the complaint contains the following pertinent averment: " * * * and defendants have made claim against plaintiffs under the aforesaid policies of insurance in the amount of $65,000.00, with interest, penalties and attorneys' fees, said penalties and attorneys' fees being claimed by defendants under Sec. 6040, R.S.Mo. 1939. That as to each plaintiff insurance company having insurance in the amount of $2500.00, defendants have claimed the full amount of said insurance with a penalty of $250.00 under the aforesaid statute, and a reasonable attorneys' fee which in each instance defendants claim would exceed $250.00, * * *."

All of the Missouri decisions without exception are to the effect that said Section 6040, supra, is a highly penal statute and should be strictly construed. And it has been ruled that damages and attorneys' fees are penalties to be added to the face of the policy in determining jurisdiction.

In the case of Nathan v. Rock Springs Distilling Co., 10 F.2d 268, the Court of Appeals for the 6th Circuit announces the following familiar doctrine: "The jurisdiction of a federal court is determined by the amount claimed in the petition, and not by the amount that the plaintiff may ultimately recover." And, then, 10 F.2d loc. cit. 269, the court further said: "If the plaintiff is entitled to recover attorney fees, he must do so under the provision of the statute authorizing a recovery for damages immediate, consequent, legal, and extraordinary. * * * If, under this statute of Kentucky, attorney fees may be included in the damages that plaintiff is entitled to recover, then this item becomes an elemental part of the total damages the plaintiff has suffered, and must be included, the same as all other items of damages in determining the jurisdictional amount." It would follow, therefore, from the foregoing that each of the plaintiffs asserts a cause of action within the jurisdiction of this court as to the amount, and there is no dispute here but that there was an appropriate diversity of citizenship.

2. It is the contention of counsel for plaintiffs that the court has jurisdiction regardless of individual policies because of a common interest. This theory is untenable.

In Clark v. Paul Gray, Inc., 306 U.S. 583, loc. cit. 588 and 589, 59 S.Ct. 744, 748, 83 L.Ed. 1001, the Supreme Court, on a similar contention, said: "But it is plain that this allegation is insufficient to satisfy jurisdictional requirements where there are numerous plaintiffs having no joint or common interest or title in the subject matter of the suit. * * * It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be

884

added together to satisfy jurisdictional requirements."

3. This ruling is not opposed to cases cited and relied upon by counsel for plaintiffs. Many decisions cited by counsel were attempts to follow the ruling made in Jamerson v. Alliance Ins. Co., 87 F.2d 253, where the 7th Circuit permitted the aggregation of policies issued by several companies to meet jurisdictional requirements. After discussing the subject of a conspiracy, the court said, 87 F.2d 255, loc. cit. 255: "Conversely, we conceive of no reason why separate defendants in separate actions at law may not join their several claims for jurisdictional purposes, when, as here, their claims are identical *and are the result of an unlawful and fraudulent conspiracy entered into by appellant and his co-conspirator against all of appellees."* (Emphasis mine.) See also Home Ins. Co. of New York v. Trotter, 8 Cir., 130 F.2d 800.

4. Counsel for the defendants contend that if this court should retain jurisdiction it would encroach upon prerogatives of the state courts, and, among other decisions, cite Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, 4 Cir., 140 F.2d 47, 49.

In that case the 4th Circuit affirmed a refusal of the district judge to exercise jurisdiction in a declaratory judgment. After saying that it was discretionary with the trial judge, the court said: *"We think that this discretion should be liberally exercised to effectuate the purposes of the statute* (emphasis mine) and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *.

"The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised *when it appears that because of the pendency of another suit the suit for declaratory relief will serve no useful purpose.* (Emphasis mine.) * * * Ordinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted."  The latter expresses precisely the situation in that case which warranted a refusal to entertain the action.

In Mutual Life Ins. Co. v. Moyle, 116 F.2d 434, 437, the 4th Circuit Court of Appeals again affirmed or approved the action of the trial judge in dismissing a declaratory judgment action. The court made this significant comment: "The declaratory judgment act is an important development in procedural law and should be liberally construed. We are not at liberty, however, to enlarge the jurisdiction of the court because of sympathy with its purposes." The dismissal in that case was based upon failure of the complainant to assert the required jurisdictional amount.

In the case of Thompson v. Moore, 109 F.2d 372, 374, the Court of Appeals of the 8th Circuit approved the dismissal of an action for a declaratory judgment but in doing so pointed out that the defendant had instituted an action in the state court, but had named a wrong local party. When the mistake was discovered "her counsel 'announced in open court' that she would 'immediately file another suit' in the state court." Before she could file her suit, however, the plaintiff instituted an action for a declaratory judgment. And, concerning this, the Court of Appeals said: "It was not intended by the Declaratory Judgment Act to enable a party to obtain a change of tribunal and thus defeat the jurisdiction of the state court or 'accomplish in a particular case what could not be accomplished under the removal act.' American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F. 2d 613, 617."

5. In this case no action had been instituted in a state court. The plaintiffs were confronted with claims asserted by the defendants for amounts within the jurisdiction of this court and since there was a diversity of citizenship the plaintiffs were clearly within their rights in instituting this proceeding.

Accordingly, the several motions to dismiss should be and will be overruled and it will be so ordered.