**AETNA INSURANCE COMPANY, a corporation et al., Plaintiffs,**

v.

**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, a corporation, Defendant.**

**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, a corporation, Defendant,**

v.

**AETNA INSURANCE COMPANY, a corporation et al., Defendants.**

Nos. KC 269, 391.

United States District Court, D. Kansas.

Jan. 24, 1955.

**896**

Donald C. Little and Frank L. Bates, Kansas City, Kan., and Donald N. Clausen, and Herbert W. Hirsh (of Clausen, Hirsh & Miller), Chicago, Ill., for Aetna Ins. Co. et al.

Clayton M. Davis and Mark L. Bennett, Topeka, Kan., T. M. Van Cleave, Sr., and T. M. Van Cleave, Jr. (of McAnany, Van Cleave & Phillips), Kansas City, Kan., and Milton V. Thompson, Chicago, Ill., for Chicago, R. I. & P. R. Co.

MELLOTT, Chief Judge.

These two cases involve the same parties, arise from the same transactions and will be considered together. In No. KC–269, filed December 2, 1952, a declaratory judgment is sought: (1) that the court declare the plaintiffs are not liable to the defendant under a contract of insurance; and (2) that the defendant be restrained from maintaining any action against the plaintiffs. The plaintiffs are forty-seven insurance companies, incorporated under the laws of states other than Kansas, the defendant being a corporation incorporated under the laws of Delaware. No. KC–391 is an action removed to this court from the District Court of Wyandotte County, Kansas, where it had been filed July 3, 1953. The plaintiff railroad company, in the state court action, joined the same forty-seven insurance companies as defendants and asked judgment against each to the extent of its liability under the certificate of insurance. Nine of the non-resident insurance companies, alleging that the respective claims asserted against each of them exceed $3,000, removed the action to this court. Hereinafter the parties will be referred to as the insurance companies and the railroad company. A motion to dismiss the first case and to remand the second is presently before the court.

The basic facts not in dispute are: On December 31, 1950, a certificate of insurance was issued in the name of "Underwriters Grain Association," an unincorporated association, whereby certain property of the railroad company, including the "Rock Island Elevator Plant" located in Kansas City, Kansas,[1] was insured for one year, in an amount not to exceed $1,311,000, against loss or damage by fire and lightning and such other perils, if any, as should be added to the certificate by endorsement. An "Inherent Explosion Clause" was added. It extended protection to the insured for any loss caused by explosion resulting from hazards inherent in the business, but excluded loss from explosion of steam engines, steam and hot water boilers, and similar equipment. The certificate provided that the liability of each of the forty-seven insurance companies was limited to the per centum of loss thereunder set opposite and following its name on the reverse side of the insuring clause.

The disagreement between the parties arises over the nature and cause of the

---

**1.** Hereinafter referred to as the elevator.

damage alleged to have been sustained to the elevator on July 14, 1951. The railroad company claims it was caused by an explosion which resulted from a hazard inherent in the business and hence covered by the insurance. The insurance companies contend that the damage, if any, occurred as the result of a flood in the valley of the Kaw or Kansas River and did not result from any cause included within the insurance coverage. Demand was made by the railroad company upon the insurance companies for payment of the loss, alleged to be $95,922.80, which was considered and refused.

The insurance companies, in their complaint for a declaratory judgment, invoke the jurisdiction of this court under the provisions of 28 U.S.C.A. §§ 2201[2] and 2202.[3] The nine which have removed the suit filed in the state court rely upon 28 U.S.C.A. § 1441(c).[4] The railroad company's motions to dismiss and to remand are predicated primarily on lack of federal jurisdiction—that neither of the cases is within the statutory provisions relied upon.

Since only nine of the insurance companies had a per centum liability greater than 3% of the total loss, it is clear that the claim asserted by the railroad company against thirty-eight of them, if separate and distinct, is for an amount less than $3,000. The insurance companies have denied any joint liability. Unless the several liabilities are capable of being united or aggregated, this court probably should not exercise any jurisdiction (which is discretionary) to grant declaratory relief. The Declaratory Judgment statute does not enlarge the jurisdiction of federal courts. In cases depending upon diversity of citizenship, more than $3,000 must be involved.[5] "When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." [6]

There is some contrariety of opinion in the decisions of the federal courts as to what are separate and distinct claims, as well as to when such claims may be united or aggregated. A line of decisions permitting aggregation of otherwise separate and distinct claims seems to stem from Jamerson v. Alliance Ins. Co. of Philadelphia.[7] In that case, ten fire insurance companies, non-residents of Illinois, commenced an action in the

2. *"Creation of remedy.* In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

3. *"Further relief.* Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

4. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-re-movable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

5. Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486.

6. Troy Bank of Troy, Ind. v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81. See also Wheless v. City of St. Louis, 180 U.S. 379, 21 S.Ct. 402, 45 L.Ed. 583; Rogers v. Hennepin County, 239 U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Scott v. Frazier, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883; First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 63 F.2d 585, 90 A.L.R. 544.

7. 7 Cir., 87 F.2d 253, certiorari denied 300 U.S. 683, 57 S.Ct. 753, 81 L.Ed. 886.

United States District Court to enjoin the insured from prosecuting eleven separate pending suits in a state court upon eleven separate policies of fire insurance issued by the plaintiffs.[8] Each suit sought recovery of $2,999. The District Court exercised jurisdiction and granted a temporary injunction. On appeal, the Circuit Court affirmed on the several grounds stated in its opinion, saying, *inter alia:*

" * * * (W)e conceive of no reason why separate defendants in separate actions at law may not join their several claims for jurisdictional purposes, when, as here, their claims are identical and are the result of an unlawful and fraudulent conspiracy entered into by appellant and his co-conspirator against all of appellees.

" * * * (W)e are convinced that the court's ruling was correct because the language of the policies established a community of interest among the appellees with respect to the subject matter involved which gave them a right to aggregate their claims or liabilities for jurisdictional purposes. (Citing cases) * *

"It can not be denied that the cancellation of the policies, the enjoining of the suits at law, and the fixing and apportionment of loss in the event of liability, are all of an equitable nature and are within the jurisdiction of equity." 87 F.2d at pages 255, 256.

The rationale of the Jamerson case seems to have been applied in Fire-

men's Fund Ins. Co. v. Crandall Horse Co.,[9] Aetna Ins. Co. v. Busby,[10] and Pacific Fire Ins. Co. v. C. C. Anderson Co. of Nampa,[11] although in the latter case it was not mentioned. Other courts, in a variety of situations, have refused to permit aggregation of separate and distinct claims and have denied jurisdiction to grant declaratory relief. The question is frequently a difficult one; but the basic principle is succinctly stated by the Supreme Court in Thomson v. Gaskill[12] as follows:

" * * * Aggregation of plaintiffs' claim cannot be made merely because the claims are derived from a single instrument, Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817, or because the plaintiffs have a community of interest, Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S. Ct. 744, 83 L.Ed. 1001. In a diversity litigation the value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation."

The Jamerson case has been distinguished as a claim based upon an " 'unlawful and fraudulent conspiracy' ", American Union Ins. Co. of N. Y. v. Lowman Wine & Bottling Co.;[13] and it has been said "(i)t is no authority for holding that in a pure declaratory judgment action * * *, where the parties only seek a declaration of rights *under* several contracts, that the face amount of such separate contracts can be aggregated so as to provide the requisite Federal jurisdictional amount."[14]

---

8. D.C.E.D.Ill., 12 F.Supp. 957.

9. D.C.W.D.N.Y., 47 F.Supp. 78.

10. D.C.N.D.Ala., 87 F.Supp. 505.

11. D.C.S.D.Idaho, 42 F.Supp. 917.

12. 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951.

13. D.C.W.D.Mo., 92 F.Supp. 881, 884.

14. The quotation is from Hager v. Hanover Fire Ins. Co. of N. Y., D.C.W.D.Mo., 64 F.Supp. 949, 951. See also Home Ins. Co. of N. Y. v. Trotter, 8 Cir., 130 F.2d 800; Matlaw Corp. v. War Damage Corp., 7 Cir., 164 F.2d 281; Scarborough v. Mountain States Telephone & Tel. Co., D. C.W.D.Tex., 45 F.Supp. 176; Smith-Webster Co. v. John, 3 Cir., 259 F. 549; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S. Ct. 744, 83 L.Ed. 1001; Andrews v. Equitable Life Assur. Soc., 7 Cir., 124 F. 2d 788; Mutual Life Ins. Co. of N. Y. v. Moyle, 4 Cir., 116 F.2d 434.

Although this court may exercise jurisdiction under the rule established by the Jamerson decision, it is doubtful that the complaint for declaratory judgment here states a case in which it is applicable. This court's jurisdiction is not sought to circumvent an "unlawful and fraudulent conspiracy", nor to enjoin a vexatious multiplicity of litigation commenced in the state courts. "Proper practice requires that where each of several plaintiffs is bound to establish the jurisdictional amount with respect to his own claim, the suit should be dismissed as to those who fail to show that the requisite amount is involved. Otherwise an appellate court could be called on to sustain a decree in favor of a plaintiff who had not shown that the claim involved the jurisdictional amount, even though the suit were dismissed on the merits as to the other plaintiffs who had established the jurisdictional amount for themselves. * * * " Clark v. Paul Gray, Inc. [306 U.S. 583, 59 S.Ct. 749] [14]

■ The pleadings in the instant cases reveal that nine of the insurance companies may each be liable for amounts in excess of $3,000; therefore their liabilities are within the original jurisdiction of this court. It has been said that a federal court should proceed to judgment in every case within its jurisdiction and not abdicate its authority in favor of another jurisdiction. The Declaratory Judgment Act, however, as pointed out above, is an enabling act, which confers a discretion on the court rather than an absolute right upon the litigant.[15]

In the Brillhart case,[16] it was held to be reversible error for the district court to dismiss the declaratory judgment action; but there it appeared that the complainant had not been made a party to any suit in a state court. Subsequently, the author of that opinion, in a special concurring opinion in Collier v. Harvey,[16] a case in which the state action had been filed prior to the filing of the action for a declaratory judgment, expressed the view that the district court, although having jurisdiction, should have declined to exercise it. See also, Maryland Casualty Co. v. Boyle Const. Co.[17] In the instant case the insurance companies have "won the race to the courthouse;" but the dates of filing do not furnish the test of jurisdiction. As was said in Chicago Furniture Forwarding Co. v. Bowles,[18] "(t)he question is, rather, whether the circumstances at the time of the determination are such as make the further prosecution of the suit for declaratory relief useless."

■■ It is believed that the issues here can be adequately determined and complete relief afforded in the action in the state court. The declaratory remedy should not be used to try piecemeal a case pending in a court of concurrent jurisdiction in which a complete remedy can be had. Cf. Aetna Casualty & Surety Co. v. Quarles.[19] The court has therefore concluded, and now holds, that the motion to dismiss the declaratory judgment action should be sustained.

Some of what has been said with reference to the declaratory judgment action is apposite to the one removed from the state court. The Supreme Court recently held in American Fire & Cas. Co. v. Finn [20] that the 1948 revision of the removal statutes, applicable here, was indicative of a Congressional purpose to restrict federal jurisdiction. "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent

14. See Note 14 on page 898.

15. Public Service Comm. of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; Excess Ins. Co. of America v. Brillhart, 10 Cir., 121 F.2d 776; reversed on other grounds, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

16. 10 Cir., 179 F.2d 664.

17. 4 Cir., 123 F.2d 558.

18. 7 Cir., 161 F.2d 411, 413.

19. 4 Cir., 92 F.2d 321, 325.

20. 341 U.S. 6, 71 S.Ct. 534, 538, 95 L.Ed. 702.

claim or cause of action." In a case decided about the same time by the Court of Appeals for this (the Tenth) Circuit it was pointed out that "the revisers avowedly intended to decrease the volume of federal litigation by eliminating the removability of a separable controversy unless it constitutes a separate and independent claim or cause of action." [21] In a later case it was said: "The critical words 'separate' and 'independent' are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability. The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned." [22]

Counsel for the insurance companies argue, with some plausibility, that the present action is controlled by Des Moines Elevator & Grain Co. v. Underwriters' Grain Ass'n; [23] but the majority of lower courts which have had the question before them seem to have taken a different view. [24] While the question is a troublesome one, this court has come to the conclusion that, although the claims of the railroad here may be separable, they are not separate *and* independent as those terms were construed in the Snow v. Powell case, supra.

■ At the risk of unnecessarily extending this discussion, it may be pointed out that in the petition filed in the state court, it is alleged that the insurance companies had "formed themselves into a partnership joint venture, common enterprise, or combination comprising the 'Underwriters Grain Association'" and in the name of that association, had issued the certificate of insurance. The joinder of the defendants and the causes of action seem to have been proper under G.S.Kan.1949, 60–414. In any event, the railroad company has asserted one claim or cause of action against the insurance companies for their failure to pay a claim of loss. Removability is to be determined from a consideration of the petition filed in the state court. Preas v. Phebus. [25] " 'The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.'" Alabama Great Southern Ry. v. Thompson. [26]

The court is of the opinion that the motion to remand should be granted. Appropriate orders should be prepared by the prevailing party in each case. Settle in accordance with the Rules of Civil Procedure and this court's Rules of Practice.

21. Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902, 904.

22. Snow v. Powell, 10 Cir., 189 F.2d 172, 174.

23. 8 Cir., 63 F.2d 103.

24. Babb v. Paul Revere Life Ins. Co., Worcester, Mass., D.C.W.D.S.C., 102 F.Supp. 247; Board of Education of Marlboro Tp., Monmouth County v. Hartford Fire Ins. Co., D.C.N.J., 105 F.Supp. 697; Hart-Bartlett-Sturtevant Grain Co. v. Aetna Ins. Co., D.C.W.D.Mo., 108 F.Supp. 757; South Carolina Elec. & Gas Co. v. Aetna Ins. Co., D.C.E.D.S.C., 114 F.Supp. 79; Compressed Paper Box Corp. v. Fidelity-Phenix Fire Ins. Co., D.C.Conn., 124 F. Supp. 561; contra, Kornegay v. Hardware Mut. Fire Ins. Co., D.C.E.D.N.C., 106 F.Supp. 347.

25. 10 Cir., 195 F.2d 61.

26. 200 U.S. 206, 215, 26 S.Ct. 161, 163, 50 L.Ed. 441.