**OLD COLONY INSURANCE COMPANY et al., Plaintiffs,**

v.

**M-P COTTON FELT COMPANY OF MISSISSIPPI, Incorporated, et al., Defendants.**

No. EC6385.

United States District Court
N. D. Mississippi, E. D.
March 17, 1964.

William F. Goodman, Jr. (of Watkins & Eager), Jackson, Miss., for plaintiffs.

Mitchell, McNutt & Bush, Tupelo, Miss., Armis E. Hawkins, Houston, Miss., for defendants.

CLAYTON, District Judge.

Involved in this suit are certain policies of fire insurance which are here listed on Appendix 1. The companies issuing said policies filed this suit for declaratory relief (28 U.S.C. § 2201) against the named insured in said policies and its mortgagee named in some of the policies. After issuance of the policies, a fire loss occurred which gave rise to claims under these policies by the insured. Motion to dismiss was filed by defendants. It asserted lack of jurisdictional amount in controversy as the ground with respect to the policies listed in I and III of Appendix 1 and failure to state a cause of action upon which declaratory relief can be granted as to the policies listed in II of Appendix. This motion was taken on briefs. Before such submission was complete, plaintiffs filed a motion to amend the complaint which was sustained. Hence, the complaint will be considered as amended in accordance with said motion.

In addition to briefs, affidavits from both sides and other materials which go beyond the face of the pleadings have been furnished and will be considered by the court. Hence, the motion as it bears on the policies listed in II of Appendix 1 must be considered as a motion for summary judgment. Rule 12(b) and Rule 56, Federal Rules of Civil Procedure.

1) Plaintiffs are all non-resident insurance companies. Both defendants are residents of Mississippi. Diversity does. exist as between all plaintiffs and both defendants.

2) The policy shown under IV of Appendix 1 was cancelled before the loss and is erroneously in this case. The motion as to this policy must be sustained with prejudice.

■ 3) The policy shown under III of Appendix 1 is a separately issued policy not related in any way to any other policy in suit here. The maximum amount which could be in controversy in any way on it is the $5,000 coverage afforded. Thus the necessary jurisdictional amount to confer jurisdiction on this court does: not exist. (28 U.S.C. § 1332). The motion must be sustained as to this policy, but without prejudice to insurer or insured in that policy.

■ 4) Policies shown under I of Appendix 1 afford pro rata coverage in a total amount of $55,000 on machinery and equipment. (These same policies: also afford pro rata coverage for $35,000 on stock and a building, but this coverage is not involved here.) Six of the policies. afford total coverage for all risks in excess of $10,000; two of the policies afford total coverage for all risks in an amount. less than $10,000. None of the policies. afford maximum coverage on machinery and equipment as large as $10,000.

5) It is obvious that only if *total coverage afforded for all risks* is considered would this court have the amount. involved necessary to confer jurisdiction if this suit were by one of the plaintiffs. on one of the policies. This court would not have jurisdiction of a suit similar to. this by any one of the insurance companies on any one of the policies unless. it could be said that the total amount of coverage afforded by that policy for all. risks provides the measure of the amount. in controversy. It is undisputed that the maximum amount which is and will be claimed on these policies is as shown under the column "Judgment Demand" in II of Appendix 1. Thus, the *real amount in controversy* with respect to.

each of the policies is substantially less than $10,000. To confer jurisdiction on this court it would be necessary for the claims to be aggregated and this cannot be rightfully done. Niagara Fire Insurance Company, et al. v. Dyess Furniture Company, (5 Cir. 1961), 292 F.2d 232. See also Aetna Insurance Co. v. Chicago and Pacific Railroad Co., D.C. Kan., 127 F.Supp. 895 (affirmed 10 Cir. 1956, 229 F.2d 584); Century Insurance Co. v. Mooney, (10 Cir. 1957), 241 F.2d 910. Plaintiffs' reliance upon Jamerson v. Alliance Insurance Co., (7 Cir. 1937), 87 F.2d 253 is misplaced at least in this circuit.

6) It is well also to point out that the plaintiffs here say that they have a community of interest which is sufficient to confer jurisdiction. But, it must be borne in mind that there is no joint liability. All liability is several and separate to each insurance company and is fixed as to each company by a separate policy issued by it. Any of the plaintiffs have the right to deal with the suit pending against them on their policy in state court separate and apart from any other or all other of these plaintiffs. The fact that they all may have elected to make common cause and employ counsel common to all can in no way confer jurisdiction on this court. In Niagara, the Court of Appeals of this circuit said:

> "The facts that three insurance companies issued identical policies, except as to amounts, and that each policy contained a contributing clause and limited the participation to a certain percentage of the whole do not make the companies jointly liable. To the contrary, ' * * * they are each proportionately and severally liable for the loss at the ratio which the amount of their respective policies bear to the whole insurance * * *.' "

7) This suit, insofar as it is concerned with the machinery and equipment policies listed in I of Appendix 1 does not involve the amount necessary to confer jurisdiction on this court. (28 U.S.C. § 1332). Therefore, the motion to dismiss will be sustained with respect to those policies, without prejudice to insured or any of the insurers.

8) Looking now at the policies shown in II of Appendix 1. These afford coverage for inventory. There is no dispute between the companies and the insured with respect to *liability* on any of these policies. Controversy exists only as to the amount of the loss which must be determined under a formula provided by the language of the policies. No suits have been filed by the insured against any of these companies. The policies are in identical language and all provide for arbitration at the request of either insurer or insured. On the face of the complaint, the real controversy is whether the insurers will pay $72,710 or $80,000. The real difference, according to the complaint, between *all* insurers and the insured is thus $7,290. The difference thus shown between the insured and any one of the insurers cannot exceed $1,450.

9) It is also noted that, as aforesaid, these reporting form policies provide a formula for fixing the amount of liability which can be readily resolved by a determination of the one factual issue that now exists: the value of the inventory at the time of the loss. Also noted is the policy provision for arbitration in the event the parties to the contract fail to agree. This can be invoked by insurer or insured. It is possible, if not probable, that this suit here on these policies is premature and that suits on these policies by the insured in state court, in the present situation, might be abated for prematurity. Home Insurance Company v. Watts, 229 Miss. 735, 91 So.2d 722, 93 So.2d 848 (1957).

10) Even on the premise that this court could sustain its jurisdiction, in these peculiar circumstances it is considered the better part of wisdom looking toward the ends of justice for this court, in the exercise of its discretion to decline to exercise jurisdiction, which it is not here compelled to do. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620, rehearing

denied 317 U.S. 704, 63 S.Ct. 23, 87 L.Ed. 562 (1942).

11) The motion to dismiss as to the reporting form policies treated as a motion for summary judgment will be sustained without prejudice.

Order is being entered in accordance with this opinion.

## APPENDIX 1

### I. MACHINERY AND EQUIPMENT

| COMPANY | POLICY NUMBER | *JUDGMENT DEMAND |
|---|---|---|
| Old Colony Insurance Co. | 69–1435 | $3601.36 |
| The Home Insurance Co. | 4372 | 3601.36 |
| St. Paul Fire and Marine Insurance Company | 123AC7486 | 3601.36 |
| United States Fire Insurance Company | 132171 | 3601.36 |
| Aetna Casualty and Surety Company | 39FP196427 | 2100.80 |
| National Surety Corporation | 951495 | 3601.36 |
| Continental Insurance Co. | 118801 | 1500.50 |
| Liverpool and London Globe Insurance Company | LKF194143 | 3601.36 |

* Separate suits have been filed and are pending in state court against each of these companies.

### II. INVENTORY REPORTING FORM POLICIES

| COMPANY | POLICY NUMBER |
|---|---|
| Hartford Fire Insurance Co. | SF119439 |
| North River Insurance Co. | 70959 |
| Western Fire Insurance Co. | OC195933 |
| Fireman's Fund Insurance Co. | D100466 |
| United States Fidelity and Casualty Company | F3505519 |

### III. BUILDING POLICY

| COMPANY | POLICY NUMBER | COVERAGE |
|---|---|---|
| Old Colony Insurance Co. | 691412 | $5,000.00 |

### IV. CANCELLED POLICY

| COMPANY | POLICY NUMBER |
|---|---|
| Home Insurance Company | 4293 |